JOSEPH LOUVALLE *et ux.*, FELIX BUATT *et ux.*, and THERESE LA ,CHAPELLE, appellants, v. PIERRE MENARD *et al.*, appellees.

### *Appeal from Randolph.*

In a suit for partition of lands, under the statute, the defendant is not, as in suits in equity, required to make discovery, or even to answer the petition under oath; and the testimony is not necessarily taken by depositions, but may be introduced *viva voce* at the hearing. The proceedings are summary, and *in rem.*

The only duty of the Court, on the hearing of a petition for partition, is to ascertain the respective legal interests of the parties in the premises, and direct a division among them accordingly. Questions affecting their equities must be determined by some other appropriate remedy. When a partition is consummated by the approval of the report of the commissioners, the tenancy is dissolved and each proprietor holds the portion allotted to him in severalty, and his claim on the residue is extinguished at law.

At law, one tenant in common can compel the other tenants to join in the expense of reparations to a house or mill, where the repairs are necessary to the preservation and enjoyment of the estate. To sustain his action, he must show a request to unite in the reparations and a refusal, as well as an actual expenditure in making them. In such case, the expenditure is for the benefit of all the tenants, and contribution is enforced on the principle, that parties standing in equal rights are bound to bear an equality of burdens.

The doctrine in equity is, that where one tenant in common purchases in an incumbrance on, or an outstanding title to the estate, the purchase will enure to the benefit of the other tenants, only on the condition of their paying their ratable proportion of the cost. When improvements have been made by one, the portion improved should, if practicable, be assigned to him in the partition of the estate, without taking into consideration the increased value caused by such improvements; and when such a division cannot be made, he should be allowed a reasonable remuneration from those who receive the benefit of the improvements.

BILL IN CHANCERY for relief, in the Randolph Circuit Court, heard before the Hon. James Shields, May term 1844. Injunction dissolved and bill dismissed. The material facts appear in the Opinion of the Court.

*D. J. Baker,* for the appellants, presented the following points and authorities:

1. If one tenant in common makes an improvement, by the erection of a dwelling house, on land owned by him and

his co-tenants, and those co-tenants subsequently apply for partition, and obtain an order of sale under the statute, and the land is sold for a price increased by reason of such improvement, those co-tenants shall not share ratably in such increased price; but the cost of such improvement, or a reasonable compensation therefor, not exceeding the price, shall first be deducted from the proceeds, and the balance divided among all the owners in proportion to their respective rights and interests in the land. *Sneed's Heirs* v. *Atherton,* 6 Dana, 281; *Lee v. Fox,* Ib., 176; *Venable* v. *Beauchamp,* 3 do., 325; *Borah* v. *Archer,* 7 do., 177; *Cates* v. *Woodson,* 2 do., 458; *Haskins* v. *Spiller,* 1 do., 176; *Withers* v. *Thompson,* 4 Monroe, 335; *Jackson* v. *Creal,* 13 Johns. 116; *Van Horne* v. *Fonda,* 5 Johns. Ch. R. 406.

2. It is inequitable and unjust that co-tenants, who have contributed nothing, should, in such case, participate in the increase of value, without paying their proportionate shares of the cost of the improvement, which has added to the value of the land and increased the proceeds of the sale. If, when parties are placed *in equali jure,* equality of burden is equity, it is also equity that parties, who seek to place themselves *in equali jure* to others' labor and money, should, as a condition to their being so placed, make equal contribution and compensation therefor.

3. The facts in the case justify the inference of a previous assent of defendants to the improvement.

4. Prior assent, however, to such improvement, is not required to be proved to entitle the complainants to compensation or allowance. The defendants, having elected to share with the complainants the benefits of the improvements, are bound in equity and good conscience to permit its costs to be deducted, in the first place, from the aggregate proceeds of the sale of the estate.

5. The cost of the improvement should be deducted from the moneys in the commissioner's hands, and a division of the balance made among the owners of the land according to their respective rights and interest therein.

*W. H. Underwood,* and *J. Gillespie,* for the appellees:

1. The parties to the said writ of partition are estopped from alleging, in a collateral proceeding, that their interests in the premises are different from the allegation and determination in said suit. R. L. 339, § 16; *Clapp* v. *Bromagham,* 9 Cowen, 530; 1 Phil. Ev. 322.

2. To compel one tenant in common to pay even for necessary repairs, he must request his companion to join in the same, and the latter refuse. 4 Kent's Com. 370, 371; *Doane* v. *Badger,* 12 Mass. 70; *Mumford* v. *Brown,* 6 Cowen, 475. The co-tenant who wishes to repair beyond the inclination, or ability of his companion, has his easy and prompt remedy by procuring a partition or sale of the common property. 4 Kent's Com. 371.

3. The cases cited by appellants from the N. Y. Reports, where compensation had been allowed one tenant in common, were under a statute. *Jackson* v. *Creal,* 13 Johns. 116. The cases in Kentucky, where compensation has been allowed, were where the claimant occupied land, supposing he had the sole title thereto. This was undoubtedly under their occupying claimant law. Our Courts have held a contrary doctrine, to wit: that a purchaser from the Government is under no legal or moral obligation to pay for improvements made thereon before his purchase, and without his request. *Carson* v. *Clark,* 1 Scam. 113; *Hutson* v. *Overturf,* Ib. 170; *Roberts* v. *Garen,* Ib. 396; *Townsend* v. *Briggs,* Ib. 472.

4. If the complainants are entitled to relief, the rents and profits which their ancestor wholly received, should be deducted from the amount of their claim. R. L. 61.

The Opinion of the Court was delivered by

TREAT, J.* The parties to this suit were tenants in common of a tract of land, situate in Randolph county, and containing sixty two acres, in which the present complainants,

---

* SHIELDS, J. having decided this cause in the Court below, did not hear the argument and gave no opinion in this Court.

as the heirs at law of Antoine La Chapelle, had an interest of one third.

Pierre Menard, Louis La Chapelle and Bazil La Chapelle instituted proceedings by petition, under the statute, and obtained an order for a division of the premises among the proprietors. The commissioners appointed to make the partition reported, that the land was not susceptible of division, and the Court made an order for the sale thereof. The land was sold by a commissioner for \$877·52.

Before any division of the proceeds of the sale, the complainants filed their bill in chancery, alleging that their ancestor had erected a valuable dwelling house on the land, thereby materially enhancing its value; in consequence of which, it had sold for a much larger amount than it otherwise would have done, and praying that the value of the improvement might be allowed to them, before the proceeds should be distributed.

On the bill, an injunction was obtained, restraining the commissioner from paying over the proceeds of the sale. Louis and Bazil La Chapelle and Jacob Sypher filed their answer, admitting the making of the improvement by Antoine La Chapelle, but denying either that the land was materially increased in value thereby, or that it sold for more in consequence of the improvement. There was a replication to the answer. The other defendants failed to answer the bill. Depositions were taken by the complainants, which fully sustain the material allegations of the bill, but it is difficult to ascertain, from the statements of the witnesses, the relative value of the improvement to the amount of the sale.

On the hearing of the cause, the Court dissolved the injunction, and dismissed the bill. The complainants prosecute an appeal, and assign that decision of the Court for error.

A preliminary question is here made by the defendants, which, if tenable, disposes of the whole case. They contend, that if the complainants were in any event entitled to compensation for the improvement, they should have interposed their claim in the original proceedings in partition, and that they are now effectually concluded from asserting it in

equity. A proper determination of this question requires a construction of the *"Act for the speedy assignment of Dower, and Partition of real estate,"* approved Feb. 6, 1827, under which those original proceedings were had. The fourteenth section of the act provides, where two or more persons are proprietors of any real estate, that the Circuit Court, on application by petition, may order and direct a division of the same by metes and bounds; and shall appoint three commissioners to make the partition, who shall make report of their proceedings under their hands and seals, and their report, if approved by the Court, is required to be recorded, and is declared to be conclusive on all parties concerned. By the fifteenth section, the parties interested are to have notice of the application by summons, or by advertisement for four weeks in the nearest newspaper. By the sixteenth section, if the commissioners report, that a division cannot be made without manifest prejudice to the interests of the proprietors, the Court is authorized to direct a sale, and a distribution of the proceeeds among the owners. The foregoing are all the material provisions of the Act applicable to this case. The mode of obtaining a division of real estate, given by this statute, was evidently intended to take the place of the common law remedy by the writ of partition. Without this statutory remedy, one tenant desiring a division of land held by several in common, could only effect his object by bill in chancery. That remedy is generally attended with considerable expense, and frequently subject to great delay. The statute was doubtless intended to obviate these difficulties, by affording the parties an easy, cheap and expeditious mode of obtaining partition. In this proceeding, the defendants are not, as in suits in equity, required to make discovery, or even to answer the petition under oath; and the testimony is not necessarily taken by depositions, but may be introduced *viva voce* at the hearing. The proceedings are summary, and *in rem*. The Court is to act on the legal estate, and not on the equities of the parties. Its only duty is to ascertain their respective legal interests in the premises, and direct a division among them accordingly. All questions concerning the rents and profits, and repairs and improvements, are to be

determined by some other appropriate remedy. When the partition is consummated by the approval of the report of the commissioners, the tenancy is dissolved, and each proprietor holds the portion allotted to him in severalty, and his claim on the residue is at law extinguished. To this extent only, are his rights adjudicated and determined.

This brings us to the only other question in the case, whether the complainants are in equity entitled to compensation for the improvement. At law, one tenant in common can compel the other tenants to join in the expense of reparations to a house or mill, where the repairs are necessary to the preservation and enjoyment of the estate. To sustain his action, he must show a request to unite in the reparations, and a refusal, as well as an actual expenditure in making them. In such case, the expenditure is for the benefit of all the tenants, and contribution is enforced on the principle, that parties standing in equal rights, are bound to bear an equality of burden. 1 Thomas' Coke, 613; 4 Kent's Com. 370. At law, the complainants could not enforce contribution from the defendants. The improvement was not necessary as reparation to the common property, nor was the property itself of such a character as to bring the case within the principle of contribution. Nor could they compel them in equity to contribute. The erection of the dwelling house was entirely voluntary, for the sole benefit of the party erecting it, not at all necessary for the preservation or joint enjoyment of the estate, and from which the defendants derived no advantage.

But this case stands on an entirely different footing. The complainants are not seeking for contribution. The tenancy has been destroyed, and the estate, so far as the parties are concerned, converted into money. The amount received at the sale was much augmented, by reason of the improvement erected at the sole cost of the ancestor of the complainants. The improvement passed with the land to the purchaser. The complainants only claim to have that increase of price allowed them, without interfering with a just distribution of the residue. Admitting this to be done, how are the defendants to be injured? They will still receive the same amount,

to which they would have been entitled, had no improvement been made. They seem not to be content with such a distribution, but seek to participate equally in the value of the improvement, to the making of which, they have in no degree contributed. They claim an equality of benefits, but avoid an equality of burdens. If they insist on receiving the benefits of the labor of their co-tenants, they ought to make compensation therefor in return. And this seems to be the doctrine in equity. Thus, it has been decided, where one tenant in common purchases in an incumbrance on, or an outstanding title to the estate, that the purchase will enure to the benefit of the other tenants, only on the condition of their paying their ratable proportion of the cost. *Van Horne* v. *Fonda*, 5 Johns. Ch. R. 388; *Lee* v. *Fox*, 6 Dana, 171. And where improvements have been made by one, the portion improved should, if practicable, be assigned to him, in the partition of the estate, without taking into consideration the increased value caused by such improvement; and when such a division cannot be made, he should be allowed a reasonable remuneration from those who receive the benefit of the improvement. *Sneed's Heirs* v. *Atherton*, 6 Dana, 276; *Borah* v. *Archer*, 7 do. 176. In natural justice, the defendants are not entitled to share in the benefits of the improvement, but its value belongs exclusively to the complainants. It is but right and equitable, that the complainants should be allowed, by way of compensation, the actual increase of the price received at the sale, in consequence of the improvement erected by their ancestor.

To this end, the decree of the Circuit Court will be reversed, and the cause remanded, with instructions to that Court, to ascertain the actual increase of the price, caused by the improvement. For this purpose, both parties should be permitted to introduce additional testimony. When the proper amount is ascertained, the Court will direct the commissioner to pay it over to the complainants, and to distribute the balance among all the parties, according to their respective interests in the premises. The costs of this appeal will be divided equally between the parties.

*Decree reversed.*