Darius Greenup, Appellant, *v.* Thomas M. Sewell, Appellee.

APPEAL FROM WASHINGTON.

The proceeding by petition for partition is at law, and does not touch the equities of the parties. The judgment upon the petition should define the respective interests of the parties, and is conclusive upon them; and the commissioners should set off to each, the interest adjudged, by metes and bounds, without attempting to adjust equities.
To simply direct that partition should be made, is insufficient.

The order of partition, in this case, was at October term, 1855, of the Washington Circuit Court, Underwood, Judge,

presiding. The statement of the case will be found in the opinion of the court.

IsAAC MILLER, for Appellant.

C. G. SIMONS and P. E. HOSMER, for Appellee.

SKINNER, J. This was a proceeding by Sewell against Greenup, under the statute, for partition of certain premises held by them in common.

The petition sets forth the interests of the parties, and prays for partition. The answer or plea of Greenup admits the title and interests as alleged in the petition, sets up a claim for improvements, and insists, that in case of partition, the south portion of the premises should be set off to him, on account that such portion, being adjoining to premises owned by him in severalty, would be more beneficial to him than any other portion thereof. The court made an order, in which it is simply declared that "partition be awarded," and that certain persons be appointed "to divide."

The statute provides, "That the court shall ascertain from the evidence, in case of default, or from the confession by plea of the parties, if they appear, or from the verdict by which an issue of fact shall be determined, and shall declare the rights, titles and interests of all the parties to such proceeding, petitioners as well as defendants, and give such judgment as may be required by the rights of the parties."

The proceeding under the statute, for partition, is strictly a proceeding at law, like the common law writ of partition, in which mere equitable claims and titles cannot be investigated and determined. It reaches the legal estates and titles of the parties only, and cannot touch the equities connected with, or arising out of the estate ; as to these, resort must be had to courts of equity for relief. *Louvalle et al.* v. *Menard,* 1 Gil. R. 39. In this case, the answer or plea confesses the respective titles and interests alleged in the petition, and the court thereupon should have found the respective legal interests of the parties in the estate, and rendered judgment accordingly, showing upon its face the interests so found. The judgment is the record upon which the new title is based, and is conclusive upon the parties. It should, therefore, of itself, show the estate and the interests therein adjudged to each party. From such a judgment only can the commissioners know the interests of the respective parties in the premises which they are called upon to divide, and set off to each according to the interest adjudged to him.

It is the duty of the commissioners, in case of partition, to set off and assign to each party, by metes and bounds, such interest in the whole estate as the court may have found in him. And in doing so, they should look to the premises or estate as they find it, and without attempting to adjust equities between the parties, giving to each his portion in quantity and value, as compared with the whole.

Judgment reversed and cause remanded.

*Judgment reversed.*