## FREDERICK P. GARDNER *vs.* GEORGE LANE.

Goods fraudulently delivered to the vendee under a contract of sale of goods of a different kind were attached as property of the vendor and replevied from the officer by the vendee, who then first discovered the fraud and that the goods did not correspond in kind with the description in his writ, and altered his writ so as to describe them correctly. *Held*, that this was a sufficient election to take the substituted goods under the contract of sale to enable the vendee to hold them as against the fraudulent vendor.

Goods delivered to a vendee under a contract of sale were attached as property of the vendor and replevied by the vendee from the officer; and afterwards proceedings in insolvency were instituted against the vendor, and assignees of his estate were appointed. A verdict for the defendant was then rendered in the action of replevin; and, on his motion for judgment for a return of the goods, it appeared that his attachment was dissolved, but he contended that nevertheless he was entitled to a return that he might deliver them to the assignees, who had demanded that he should defend the action for their benefit. *Held*, that there was no ground of exceptions to the refusal of the presiding judge to direct the trial of an issue whether the title of the vendee to the goods was acquired in fraud of the insolvent law.

REPLEVIN of certain barrels of mackerel and certain barrels of salt. In the superior court, after the decision reported 12 Allen, 39, the defendant abandoned all claim on the barrels of No. 1 mackerel which constituted part of the replevied property, and consented to judgment on the verdict for the plaintiff for them with costs; but moved for judgment for a return to him-

self of the barrels of salt and No. 3 mackerel, which constituted the rest of the replevied property, in order that he might deliver them to the assignees in insolvency of George F. Wonson & Brothers, said firm being the original owners of the property through whom the plaintiff claimed title to it, and proceedings in insolvency having been instituted against them after the commencement of this action, and assignees duly appointed who had given notice to the defendant that they should claim of him the replevied property, and had demanded that he should defend this action for their benefit. But, at the hearing on the defendant's motion, it appeared that the writ on which he, as deputy sheriff, had attached and was holding the property at the time when it was replevied, was never entered in court, whereby the attachment was dissolved. The defendant then asked " that if the court should decide to go into any evidence of facts for the purpose of establishing a title in the plaintiff acquired subsequently to the title of the defendant under the attachment aforesaid, the issue might be so framed as would enable the defendant to introduce any evidence which would legally tend to invalidate said title, and especially as would permit the defendant to show that the title thus subsequently acquired was acquired by the plaintiff in fraud of the insolvent laws and for the purpose of securing to himself fraudulent preference over the other creditors of George F. Wonson & Brothers." But *Brigham,* J., refused this request, and ordered an issue to be tried by a jury " whether George F. Wonson, one of the firm of George F. Wonson & Brothers, the owners of said mackerel, falsely represented said barrels of No. 3 mackerel and said barrels of salt to be barrels of No. 1 mackerel, and fraudulently sold and delivered the same to the plaintiff as and for No. 1 mackerel." The jury returned a verdict that he did; whereupon the court overruled the defendant's motion for a return of the property, and ordered judgment for costs to both plaintiff and defendant; and the defendant alleged exceptions. All other facts which are material are stated n the opinion.

*L. Child & E. P. Nettleton,* for the defendant.

*J. C. Perkins & J. W. Perry,* for the plaintiff.

CHAPMAN, J.   In this case, as reported 9 Allen, 492, it was held that the delivery, by mistake, of barrels of No. 3 mackerel and barrels of salt, under a contract for the sale of No. 1 mackerel, passed no title to the vendee, as against an attaching creditor of the vendor.   Upon a new trial of the cause, the plaintiff proposed to vary the evidence by showing that the vendor fraudulently represented the No. 3 mackerel and the salt to be No. 1 mackerel, and that the plaintiff received it believing it to be No. 1 mackerel; but it was held that the principle would not be varied by proof of these facts.   12 Allen, 39.   The plaintiff failed, therefore, to maintain his action as to these articles, and the defendant moved for judgment that they be returned.

The defendant, being a deputy sheriff, had taken the property from the plaintiff by attaching it on a writ in favor of the Asiatic Bank, a creditor of George F. Wonson & Brothers, the vendors. If that writ had been entered in court, and prosecuted to judgment and execution, the defendant would have been entitled to a return of the property, in order that he might apply it to the satisfaction of the execution.   The attachment was made January 30, 1863.   The writ was returnable to the superior court, March term 1863.   Early in February 1863 proceedings in insolvency were commenced against the Messrs. Wonson, and on the 13th of February assignees of the estate were appointed. It now appears that the writ was not entered in court, and the defendant's right to hold the property by virtue of the attachment was thus terminated.   If he has a right to have it returned, it must be upon some other ground.   *Davis* v. *Harding*, 3 Allen, 302.

He cannot claim it in order that he may return it to the Wonsons, the vendors.   As between the plaintiff and them, the plaintiff has the better title.   On the 31st of January 1863 the plaintiff sued out his writ of replevin, describing the property as No. 1 mackerel.   When the officer took it, the plaintiff discovered that a part was salt, and a part No. 3 mackerel.   He then altered his writ, and described the property correctly as salt and No. 3 mackerel.   This was an election to take the property as it was.   As against the fraudulent vendors, this election to take

the property was valid. See notes to *Chandelor* v. *Lopus*, 1 Smith's Lead. Cas. (6th Am. ed.) 238. Indeed, it is an elementary principle of law that a fraudulent vendor cannot reclaim property sold by him because it is not what he represented it to be. And the vendee may keep it if he will, and sue for the damages. The defendant does not contend that he has a right to a return in order that he may deliver the property to the Wonsons; but he claims it in order that he may deliver it to the assignees in insolvency. The assignees have demanded the property of him, and he prayed the court that an issue might be framed which would permit him to show that the plaintiff's title was acquired in fraud of the insolvent laws. If it were so acquired, the assignees would be entitled to hold the property. But the judge declined to try such an issue, and framed an issue under which the jury found that one of the Messrs. Wonson falsely represented the salt and the No. 3 mackerel to be No. 1 mackerel. The question whether the sale to the plaintiff was in fraud of the insolvent laws is therefore unsettled. The plaintiff contends that the court was not bound to try the right of the assignees, whose title, if they have any, accrued during the pendency of this action; and the court are of this opinion. The title of the assignees cannot be directly put in issue in this case, and they are in no sense parties to the action. A judgment in favor of the plaintiff would not be conclusive against them; and if the defendant were to prevail, and have a return of the property, and deliver it to them, it is difficult to see how the judgment in this action could be pleaded as a bar to an action against them by the plaintiff to recover the property. On the other hand, if the property is not returned, the assignees may have their action against the plaintiff to recover it or its value if the plaintiff's title is fraudulent as against them.

*Exceptions overruled.*