## CHARLES P. HEUSTIS *vs.* JAMES H. RIVERS & another.

The liability of sureties on a bail bond under the Gen. Sts. *c.* 125, is limited by the penalty of the bond, with interest from the time return of *non est inventus* is made on execution.

SCIRE FACIAS on a bail bond under the Gen. Sts. *c.* 125, § 7, to the sheriff of Suffolk, signed by William H. Clay as principal, and the defendants as sureties, in the penalty of $250, and conditioned that Clay should appear to answer the plaintiff in an action on a writ upon which he had been arrested, should abide the final judgment thereon, and should not avoid. Judgment was rendered in said action against Clay, who had previously been defaulted, for $250 damages, which was the amount of the *ad damnum* in the writ, and for $174 costs. Execution was issued, and the officer made return thereon that he could find neither property nor the body of Clay. The case was submitted to the judgment of the superior court, and, on appeal, of this court, upon agreed facts, of which all that is material for the purposes of this report is stated above.

*J. S. Abbott*, for the plaintiff.

*R. T. Paine, Jr.*, for the defendants.

COLT, J. The only discussion at the argument of this case related to the amount for which judgment should be rendered against the bail. All other questions raised on the agreed statement of facts were waived.

The penalty of the bail bond was fixed at the amount claimed as damages in the original suit against the principal. Judgment was rendered in that suit, for damages to the full amount of the *ad damnum* and costs, and exceeded, therefore, at the time it was rendered, the penalty of the bond, by just the amount of the costs included in the judgment.

The plaintiff claims that, by the Gen. Sts. *c.* 125, § 7, the obligation of the bail, who are not otherwise discharged, in case of the avoidance of the principal, is to satisfy the judgment, both damages and costs, with interest thereon from the time it is rendered, even if the amount exceeds the penalty.

The language of the section cited supports this claim, if taken alone. But the provisions relating to bail contained in this chapter are to be taken together, and, with reference to the subject matter, applied to the previously existing state of the law.

By § 2 it is provided that bail in civil actions shall be taken as heretofore practised, by a bond to the sheriff — a practice which was sanctioned by the province laws as early as 5 W. & M. (1693), and which requires, by implication at least, that the obligation be in the usual form of such an instrument, signed by principal and sureties, with a penalty and condition; and such is, and from early times has been, the form of our bail bond. Anc. Chart. 259. 1 Prov. Laws, (State ed.) 127. 5 Dane Ab. 276.

By § 6, the bail bond is required to be filed with the writ, and is declared to be so far a matter of record, and of the nature of a recognizance, that the creditor may take out a writ of *scire facias* thereon in his own name, alleging that the defendants became bail, but without setting forth the bond. There are other provisions which establish the peculiar character of the liability of sureties in the bond; and it is apparent that the bail bond, as recognized and regulated by our statutes, unites the characteristics both of bail below, or to the sheriff, and bail above, or to the action at common law. The security is by bond to the sheriff, but it is conditioned both that the defendant shall appear and answer the plaintiff in the action, and further, that he shall abide final judgment thereon, and shall not avoid. When filed, it is like the recognizance given in court in the common law bail to the action, and is treated, for the purpose of giving the creditor a more perfect remedy in his own name, as a part of the record. On the other hand, the execution of the bond by the defendants is regarded as matter *in pais*, and may be traversed before the jury. §§ 8, 11. *Bean* v. *Parker*, 17 Mass. 591, 600. *Champion* v. *Noyes*, 2 Mass. 481, 484. In either form of bail at common law, whether by bond to the sheriff in the first instance, or recognizance in the court above the liability of the sureties was limited by the penalty named. And the provision of the section relied on by the plaintiff must be construed with reference to the well known limitation upon

the liability of bail in either form. The responsibility for taking insufficient bail, which rests upon the sheriff, may have well been relied upon to secure in all cases a penalty, fixed by him, sufficiently large to cover the Judgment which the plaintiff might recover; and we are of opinion that it was not the intention of the statute to enlarge the limit of the liability of sureties in a bond with penalty conditioned to secure the performance of specified acts, although the bond so given be a bail bond.

In *Crane* v. *Keating*, 13 Pick. 339, which was debt on a bail bond, brought in the name of the sheriff, the long mooted ques tion whether such an action could be maintained was settled against the plaintiff. It is there said, in substance, by Shaw, C. J., that, when an obligation is once ascertained to be a bail bond, its force and effect are to be ascertained much more by the statute provisions on the subject than by particular words in the condition. And, he adds, considering that the whole subject of bail in civil actions is founded upon and regulated by statute, and that a bail bond partakes very little of the nature of a contract between the parties, but is rather a legal proceeding in the course of justice, it would be going too far to hold that an action of debt would lie in the name of the sheriff, merely on the ground of the formal words used in the instrument.

The result to which we arrive does not conflict with this decision, or with the reasoning by which it is supported. For if the liability is considered as wholly statutory, yet the meaning of the statute is to be ascertained by familiar rules of interpretation; and these do not permit us so to read it as to fasten upon the bail a liability beyond their express stipulation when the obligation was entered into. But the liability of the surety to the creditor does not rest wholly upon the statute. So far at least as the extent of it is fixed, it is wholly a matter of contract. And there is no reason why the sureties should suffer beyond the amount named, because the sheriff failed to fix the penalty sufficiently large. The contract of the defendants is not a covenant affirmatively stipulating to do a particular act, secured by a penalty. It is a bond which stipulates for the pay

ment of a sum of money, and makes its payment depend upon a condition.

According to the agreement of the parties, judgment must be entered in this case in favor of the plaintiff for the penalty of the bond, with interest thereon, as damages for the detention, for such time as the defendants have been in fault for its non-payment. The avoidance of the principal is not complete until a return on the execution that he is not found, and interest should therefore be computed from the day on which such return was made in this case. *Leighton* v. *Brown*, 98 Mass. 517. *Bank of Brighton* v. *Smith*, 12 Allen, 243.

*Judgment accordingly.*