EDWARD CONNIHAN *vs.* LUKE THOMPSON & another.

One who buys land with notice that the seller has agreed to sell it to another, takes it, in equity, subject to such agreement, although he has no actual notice that the agreement is in writing.

A purchaser of land is not estopped to maintain a bill in equity for specific performance of the contract to sell against the seller and a third person who has taken a conveyance of the land with notice of the contract, by reason of his having sued the seller at law for breach of the contract, and attached the land as property of the seller standing in the name of the third person, although such person has given a bond to dissolve the attachment.

BILL IN EQUITY against Luke Thompson and Oliver F. Raymond, alleging that the plaintiff and Thompson entered into a written contract, the former to buy, and the latter to sell, a parcel of land in Charlestown; that afterwards Thompson refused to carry out the contract and conveyed the land to Raymond; and that Raymond had notice of the contract with the plaintiff. The prayer was that the contract might be ordered to be specifically performed; and that Raymond might be ordered to surrender the premises, and restrained from parting therewith.

At the hearing before *Colt*, J., the execution of the contract with the plaintiff as alleged in the bill, the plaintiff's readiness and offer to perform, and Thompson's refusal and his conveyance to Raymond, were proved. The judge found as follows: " Raymond, before the conveyance to him and before any part of the consideration for it was paid, had notice that Thompson had entered into an agreement with the plaintiff for the sale of the premises to him; had notice of the terms of the agreement and interfered, having such notice, to prevent the sale agreed on and to obtain a deed himself. The evidence does not satisfy me that Raymond had actual notice that Thompson's agreement was in writing."

It was proved or admitted " that shortly after the refusal of Thompson to convey, the plaintiff commenced an action at law against him to recover damages for a breach of his agreement, and specially attached the premises in question under the provisions of the Gen. Sts. *c.* 123, § 55, as property of Thompson, the record title to which was in Raymond; and that the writ was

**never** entered; but that while the attachment existed, Raymond, in order to make a good title in mortgage, was obliged to give bonds with surety to protect the mortgagee against the attachment."

The judge reported the case for the consideration of the full court, upon the question whether upon these facts the plaintiff was entitled to a decree for specific performance against Raymond.

*C. Robinson, Jr.,* for Raymond, was first called upon. 1. If the plaintiff's contract had not been in writing, Thompson could legally have sold, and Raymond had no notice that it was in writing. There is no case which goes to the extent of holding that a purchaser is affected by prior equities, where the notice to him, if true, does not indicate the existence of a binding obligation or of a right which can be enforced.

2. The plaintiff, by commencing his action at law to recover damages, and specially attaching the land, has waived his remedy, if any, in equity. Raymond was thereby induced to believe that the plaintiff made no claim to the land by virtue of the contract, and relying thereupon, gave bond to dissolve the attachment. *Morris* v. *Rexford,* 18 N. Y. 552. *Rodermund* v. *Clark,* 46 N. Y. 354. Bigelow on Estoppel, 578.

*T. H. Sweetser & W. S. Gardner,* for the plaintiff.

WELLS, J. Notice or knowledge of the existence and of the terms of an agreement for the sale of land is, in equity, sufficient to prevent one who has it from acquiring rights in fraud of that agreement. It puts him on inquiry; and it is his own fault if he fails to inform himself of the validity and legal force of the agreement before undertaking to acquire the property himself. *Hayward* v. *Cain,* 110 Mass. 273. Sugd. Vend. & P. (14th ed.) 755, 762.

It is contended that, by commencing an action at law in which the land in question was specially attached, the plaintiff waived his remedy in equity. But the remedy in equity, by compelling specific performance, and that at law in damages for the breach, are both in affirmance of the contract. They are alternative remedies, but not inconsistent; and remedy in both forms might be sought in one and the same action. If the plaintiff institute separate actions, he cannot carry both to judgment and satisfaction. He may be compelled, by order of the court, at any stage

of the proceedings, to elect which he will further prosecute. *Livingstone* v. *Kane*, 3 Johns. Ch. 224. *Rogers* v. *Vosburgh*, 4 Johns. Ch. 84. But the mere commencement or pendency of one will not bar the other, or defeat the action. 1 Chit. Pl. (6th Am. ed.) 243.

The defence of waiver by election arises where the remedies are inconsistent; as where one action is founded on an affirmance, and the other upon the disaffirmance of a voidable contract, or sale of property. In such cases any decisive act of affirmance or disaffirmance, if done with knowledge of the facts, determines the legal rights of the parties, once for all. The institution of a suit is such a decisive act; and if its maintenance necessarily involves an election to affirm or disaffirm a voidable contract or sale, or to rescind one, it is generally held to be a conclusive waiver of inconsistent rights, and thus to defeat any action subsequently brought thereon. This is the doctrine of the cases in the New York reports, cited by the defendant, and also of *Sanger* v. *Wood*, 3 Johns. Ch. 416, 421. It is fully developed and explained by Chief Justice Shaw in *Butler* v. *Hildreth*, 5 Met. 49. See also *Kimball* v. *Cunningham*, 4 Mass. 502; *Gardner* v. *Lane*, 98 Mass. 517; *Hooker* v. *Hubbard*, 97 Mass. 175.

For the reason first suggested, the defendant does not bring this case within the principle of a conclusive waiver by election of remedy.

It is contended that Raymond, being misled by the plaintiff's acts, was induced to change his position in relation to the property, and put to inconvenience to remove the attachment; and that these facts constitute an estoppel *in pais*. But the element of intent on the part of the plaintiff, which is essential to an estoppel *in pais*, is not found, and is not to be inferred from the facts reported. An attachment is an ordinary incident of a suit at law; and there is nothing to show that the plaintiff contemplated any other disadvantage or inconvenience to the defendants than might naturally and ordinarily result from such legal proceedings.

Upon the whole case we see no good reason why specific performance should not be had against both defendants.

*Decree accordingly.*