JOSEPH S. WEEKS *vs.* SARAH H. EDWARDS, administratrix, & others.

Barnstable.   June 5, 1900. — June 21, 1900.

Present: HOLMES, C. J., KNOWLTON, LATHROP, BARKER, & HAMMOND, JJ.

*Law and Equity — Resulting Trust — Petition and Partition — Inconsistent Remedies.*

A bill in equity to establish a resulting trust in land and a petition at law for the partition of the same are not inconsistent.

BILL IN EQUITY, to establish a resulting trust. The defendants set up a plea in bar, the nature of which appears in the opinion; and the plaintiff filed a motion to set aside the plea on the ground that the same was insufficient to meet the allegations of the plaintiff's bill. Hearing before *Fessenden*, J., who allowed the plaintiff's motion, ordered that the plea be set aside as insufficient, and reported the case for the determination of this court, such decree to be entered as law and justice require. The facts appear in the opinion.

*B. N. Johnson & R. P. Clapp*, (*W. O. Underwood* with them,) for the defendants.

*C. F. Chamberlayne*, for the plaintiff.

HOLMES, C. J.  This is a bill to establish a resulting trust in a parcel of land in Falmouth, formerly belonging to the father of the plaintiff and defendants, on the ground that the plaintiff intrusted half the purchase price to his father upon the understanding that the latter would buy the land for both, with additional circumstances not necessary to mention.  The defendants pleaded that before bringing this bill the plaintiff began proceedings in partition in the Probate Court, in which he alleged that his interest in the land was one fifth ; (that is, his share by descent;) that the defendants appeared and admitted the plaintiff's interest as stated ; that afterward the plaintiff petitioned for leave to discontinue those proceedings, but that the Probate Court denied leave without prejudice, and continued the proceedings to await final action in the present cause.  The judge of the Superior Court ruled that these facts were no bar to the bill, and would not justify a dismissal of the bill, and reported his ruling to this court.

.The ruling was right.  The ground taken by the defendants is that the partition proceedings are inconsistent with this bill in equity, that if they had gone to judgment they would be a bar, and that therefore the pendency of them equally is a bar. It is unnecessary to say all that might be said in answer to this argument.  It is enough that the proceedings are not inconsistent.  Those for partition go on the legal title.  The plaintiff has a legal title to one fifth.  It is consistent with this that he should have an equitable right to a larger share.  The assertion of the equitable right is not inconsistent with a wish to have what he is admitted to own set off to him.  All that can be said is, that, when asserting an equitable title, a man would not be so likely to ask for a partition before as after the equitable rights were disposed of, and either adjudicated against or turned into legal rights by conveyances.  This the plaintiff recognized, and it is not his fault that the partition proceedings still are in court. But there is no logical inconsistency in his asserting his admitted legal rights and his controverted equitable rights at the same time.  *Louvalle* v. *Menard,* 6 Ill. 39, 42–44.  *Greenup* v. *Sewell,* 18 Ill. 53, 54.  *Williams* v. *Van Tuyl,* 2 Ohio St. 336, 338.  .

Before Rev. Sts. c. 103, § 33, now Pub. Sts. c. 178, § 35, a judgment in partition bound the possession only.  *Pierce* v. *Oliver,*

13 Mass. 211, 213. The commissioners suggested the provision in that section (making the judgment conclusive of the parties' rights both of property and of possession) on the ground that, if, as they proposed, the writ of right should be abolished, a party never could recover lands unless he had the right of possession, and that it would follow that a partition under this change in the law of real actions would bind the rights of property also. They added that the result was explicitly stated in order to prevent any doubt or mistake on the subject. Report on Rev. Sts. c. 103, § 30, note. See also Rev. Sts. c. 103, § 68; Pub. Sts. c. 178, §§ 47, 63. It is plain by the form of their statement that by rights of property is meant rights that could be asserted in a writ of right, that is to say, rights at common law, apart from the question whether in strictness equitable rights are property in the land or more than *jura in personam,* now as formerly. *Western Union Telegraph Co.* v. *Caldwell,* 141 Mass. 489, 492.

It is said that the bill sets up a title by adverse use, and it is true that there are allegations that the plaintiff, with the consent of his father, entered upon the premises more than twenty years before as owner in fee, and made valuable improvements. But it is apparent that these allegations do not mean that he has gained a legal title to the whole parcel, as the plaintiff claims only a right to one half. Whether he has a legal title to any specific part is not plain, and is not material now, as the relief sought is a conveyance, and to the extent that a conveyance is asked we must take it that a legal title is not claimed.

The case is not argued for the defendants as one of election, and plainly is not one. The plaintiff is not called upon to choose between his legal and his equitable title. He has a right to assert his equitable title in addition to that which he has by the common law. There is not even occasion to require the plaintiff to elect between remedies, as when he has vexed the defendant with two suits for the same cause. *Sandford* v. *Wright,* 164 Mass. 85, 87. *Connihan* v. *Thompson,* 111 Mass. 270, 272.

*Plea not allowed; defendants to answer.*