MELBA ALTMAN *vs.* MAX STIEGEL & others. June 30, 1965. The plaintiff entered into an unrecorded contract to purchase from Holland Realty Corporation (Holland) lot 19 of a subdivision for $28,500 and paid $3,000 as a deposit. A bank made advances on a subsequent recorded construction mortgage and released lot 19 from a prior blanket first mortgage held by the bank. Stiegel made advances upon a subsequent recorded junior mortgage. Both the bank and Stiegel knew that lot 19 had been sold but neither had knowledge of the details of the purchase contract. Although if the mortgagees in fact had possessed knowledge of the contract details other considerations might have been applicable (see *International Paper Co.* v. *Priscilla Co.* 281 Mass. 22, 29–30), their knowledge of facts merely putting them upon inquiry is not enough to charge them with notice of the plaintiff's equitable interest. *McCarthy* v. *Lane,* 301 Mass. 125, 128–129. *Tramontozzi* v. *D'Amicis,* 344 Mass. 514, 517. The plaintiff thus has no equity superior to their mortgage interests with respect either to her deposit or to later advances voluntarily made by her. She also is not entitled, upon the master's findings, as against Stiegel to subrogation to the claim of one L. L. Bousquet, Inc., the holder of a blanket junior mortgage upon lot 19 (as of record prior in lien to Stiegel's mortgage), by reason of her payment of $3,000 for a release of lot 19 from the Bousquet mortgage. The final decree is reversed and a new decree is to be entered dismissing the bill as against the bank and Stiegel. The final decree with respect to the damages in the plaintiff's claim against Holland is not clear. The case is to stand for further hear-

ing on this issue. *Watkins* v. *Simplex Time Recorder Co.* 316 Mass. 217, 224.

*John R. Auchter (William L. Van Lenten* with him) for the defendant Springfield Federal Savings and Loan Association.

*Albert L. Mastroianni* for the defendant Max Stiegel.

*Emerson S. Searle & Joseph Swirsky,* for the plaintiff, submitted a brief.