Hillman, J.
INTRODUCTION
On November 20, 1998 the plaintiffs (Queenos) brought the within action. Their original complaint sought specific performance of an agreement to purchase real estate that they allege they entered into with the defendants Mark and Daniel Cote (Cote) or a realty trust of which the Cotes are trustees, the Saturday Company Realty Trust (Saturday). In addition, they sought monetary damages under several different theories, all essentially arising out of the same real estate transaction.
Since that date they have asserted claims against Wainwright Realty Inc. (Wainwright) by counterclaim and by amending their complaint on several occasions. The amended complaints essentially brought Wainwright, Century 21 Realty Team (Century 21) and The Colonial Co-operative Bank (Colonial) into the action.[3] The amended complaint has 9 counts sounding against all defendants: Count I seeks relief from all defendants for breach of contract; Count II for specific performance; Count III for misrepresentation; Count IV for breach of the implied covenant of good faith and fair dealing; Count V for emotional distress; Count VI for fraudulent conveyance; Count VII for conversion; Count VIII for conspiracy; and Count IX for violation of G.L.c. 93A.[4] Wainwright has moved to dismiss the complaint against it or in the alternative for summary judgment. For the reasons stated below the court will treat this motion as a motion to dismiss only.
BACKGROUND
The plaintiffs allege that they had entered into a purchase and sales agreement with Saturday wherein Saturday would build, and convey to them, a new home on a parcel of land located at 6 Newcomb Road, *27 in Westminster, Massachusetts. Despite the fact that the home they contracted for was not complete, they moved into the premises without taking title. Thereafter, Saturday refused to convey title to them and refused to finish the work that they contracted to do on the home. To complicate matters further, Saturday conveyed the property instead to Wainwright in alleged satisfaction of a debt that Saturday owed.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12 (b)(6), the court must accept as true the well pleaded factual allegations of the complaint, as well as any inference which can be drawn therefrom in the plaintiffs favor. Fairneny v. Savogran Co., 422 Mass. 469, 470 (1996); Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1981) and cases cited. “[The] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977) quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
“[A] complaint is subject to dismissal if it would support relief on any theory of law.” Whittnsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979). Further, a complaint should not be dismissed simply because it asserts a new or extreme theory of liability. New England Insulation Co. v. General Dynamics Corp., 26 Mass.App.Ct. 934, 934 (1988). All inferences should be drawn in the plaintiffs favor in the complaint “so as to do substantial justice.” Ourfalian v. Aro Mfg, Co., Inc., 31 Mass.App.Ct. 294, 296 (1991).
It is settled law that in testing the correctness of a dismissal for failure to state a cognizable claim the court is to “. . . accept as true all of the allegations of the complaint and all reasonable inferences which may be drawn from the complaint . . . Further a motion to dismiss a complaint on such grounds should not be allowed unless it appears certain that the complaining party is not entitled to relief under any state of facts which could be proved in support of his claim.” Spinner v. Nutt, 417 Mass. 549, 550 (1994); Harhen v. Brown, 46 Mass.App.Ct. 793 (1999).
THE FRAUDULENT CONVEYANCE COUNT (COUNT VI OF THE THIRD AMENDED COMPLAINT)
In order to set aside a conveyance of real estate as fraudulent, there exists equitable jurisdiction to reach such property transferred in fraud of creditors under the provisions of the uniform fraudulent conveyance law. G.L.c. 109A. Section 5 of that statute allows that;
(a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor’s claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
(1) with actual intent to hinder, delay, or defraud any creditor of the debtor; or
(2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
(i) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
(ii) intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.
A conveyance, fraudulent as to creditors, may consist of a conveyance made, or obligation incurred, without regard to intent, which renders a person insolvent, where fair consideration has not been received therefor. Davis v. Best Built Homes, 329 Mass. 632 (1953). A conveyance also may be fraudulent as to creditors when made without fair consideration where the person making it is engaged in, or is about to engage in, a business or transaction for which the property remaining after the conveyance is unreasonably small capitol. Widett v. George, 336 Mass. 746 (1958). A fraudulent conveyance may also consist of a conveyance made, or obligation incurred, with the actual intent to hinder, delay, or defraud either present or future creditors. David v. Zilah, 325 Mass. 252 (1950).
Wainwright claims that the plaintiffs’ pleadings do not have the specificity required by Mass.R.Civ.P. 9(b), which specifically requires that, “In all averments of fraud, mistake, duress or undue influence, the circumstances constituting fraud, mistake, duress or undue influence shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.” As noted in footnote 4 of this opinion the allegations against the defendant Wainwright are to be found in a variety of pleadings.
The plaintiffs have, since the date of the filing and hearing on this motion filed yet another amended complaint (see footnote 4), which further details the allegations of fraud. These allegations do set forth the elements of a fraudulent conveyance.
THE FRAUD COUNT AND THE CONSPIRACY COUNT (COUNT m AND VIII OF THE THIRD AMENDED COMPLAINT)
Generally, a fraud is any artifice whereby one attempts to gain an undue advantage by means of a representation known to be false, by wrongful action, or by action in violation of some positive duly. Commonwealth v. O’Brien, 305 Mass. 393 (1940). The fraud, if proven, may be the basis for several forms of relief by an aggrieved person.
Here, the plaintiffs claim that the fraud generally consisted of the statements by other defendants in this *28 action and a corresponding, fraudulent conveyance of the property to Wainwright. The plaintiffs’ complaint alleges that the conveyance to Wainwright was done in order to avoid honoring the purchase and sales agreement, that the consideration was far below market value, and done in order to insulate a third party, Wachusett Lumber. Even though it is this court’s opinion that the fraud count contains sufficient factual allegations to survive the motion to dismiss, this count of the plaintiffs complaint must, by necessity, be read with the count that alleges a civil conspiracy. Where a plaintiff is suing alleging the independent tort of conspiracy, he must allege and prove that the combination of the two or more co-conspirators was for an unlawful means. Neustadt v. Employers’ Liability Assur. Corp., 303 Mass. 321 (1939). While not necessarily artfully pled, the alleged unlawful goal was the defrauding of the plaintiffs.
THE BREACH OF CONTRACT COUNT (COUNT I) AND BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING (COUNT IV OF THE THIRD AMENDED COMPLAINT)
The plaintiffs allege that the defendant Wainwright took title to the premises at issue here with full knowledge of the fact that there was a pending purchase and sales agreement. They allege that Wainwright has “stepped into the shoes” of Saturday and thus, must convey and perform the terms of the contract. The court in Flynn v. Wallace upheld the Superior Court judge’s findings that seller breached its agreement to sell the property to the plaintiff, the “new” buyers had knowledge of the existing purchase and sale or knowledge of an outstanding claim of right and were therefore not bona fide purchasers. 359 Mass. 711 (1971). The court entered a decree ordering the defendants to convey the property to the plaintiffs upon payment of the remainder of the purchase price specified in the contract.
The Flynn court also relied on the language in Connihan v. Thompson, 111 Mass. 270, 271 (1873), holding that “(N)otice or knowledge of the existence and of the terms of an agreement for the sale of land is, in equity, sufficient to prevent one who has it from acquiring rights in fraud of that agreement. It puts him on inquiry; and it is his own fault if he fails to inform himself of the validity and legal force of the agreement before undertaking to acquire the property himself.”
In Massachusetts, the “equitable rights of one having an interest in land by virtue of a contract are enforceable against a purchaser with notice of such contract rights.” International Paper Co. v. Priscilla Company, 281 Mass. 22 (1932). To have notice of another’s contract rights, a purchaser must possess “knowledge of the contract’s details.” Altman v. Stiegel, 349 Mass. 768 (1965). In Altman, the Supreme Judicial Court held that where the mortgagee knew of the sale but had no knowledge of the details of the unrecorded purchase and sale agreement, the mortgagees’ knowledge of facts merely put them on inquiry notice and was not enough to charge them with notice of the purchaser’s “equitable interests.” The purchaser therefore, had no equity superior to the recorded mortgage interests with respect to either her deposit or to later advances voluntarily made. Here, there is a material issue of fact as to whether and to what extent Wainwright had notice of the plaintiffs’ existing purchase and sale agreement.[5] Although a purchase and sales agreement may be recorded if it is properly acknowledged by one of the parties, G.L.c. 184, §17A, it is generally not in the best interests of the seller to do so, particularly with new construction, as it creates a cloud on the title in the case where the buyer does not perform. The buyer may elect to do so to avoid problems with other persons dealing with the property. Since the above analysis depends heavily on facts yet to be developed, this court is of the opinion that the breach of contract count survives the defendant’s motion to dismiss.
The plaintiffs have alleged generally that the conduct of the defendants has breached the implied covenant of good faith and fair dealing that was presumably present in their original purchase and sales agreement. A requirement of good faith has been assumed or implied in a variety of contract cases. Druke v. Roland Wm. Jutras Assocs., Inc., 370 Mass. 383, 385 (1976); Kerrigan v. Boston, 361 Mass. 24, 33 (1972) (collective bargaining contract); Murach v. Massachusetts Bonding & Ins, Co., 339 Mass. 184, 187 (1959) (insurance contract — insurer must exercise discretionary power to settle claims in good faith); Krauss v. Kuechler 300 Mass. 346 (1938); Clark v. State St. Trust Co., 270 Mass. 140, 153 (1930) (secondary agreement to a stock option agreement); Elliot v. Kazajian, 255 Mass. 459, 462 (1926) (broker’s commission); Chandler, Gardner & Williams, Inc. v. Reynolds, 250 Mass. 309, 314 (1924) (contracts tobe performed to the satisfaction of the other party). Again, the complaint does set forth a legal basis to proceed on the theory that the conduct of Wainwright violated the plaintiffs’ implied covenant and good faith and fair dealing. Like the specific performance and contract claims, the plaintiffs’ complaints are fact-intensive. Wainwright’s liability, if any, will be determined by what relationship he had with the other defendants and what he knew about the status of the purchase and sales agreement and the conveyance.
THE EMOTIONAL DISTRESS CLAIM (COUNT V)
The plaintiffs have alleged a viable cause of action; namely that the conduct of the defendants has caused them emotional distress. The complaint alleges that the defendants either intentionally or negligently caused such distress. Since Massachusetts recognizes both negligent or intentional infliction of emotional distress as an actionable tort this count survives the defendant’s motion to dismiss.
*29 MISCELLANEOUS
The plaintiffs have made serious allegations involving the defendants in this case. Much of the plaintiffs’ case rises or falls on the existence of one large, or several smaller conspiracies between the party defendants (or at least a series of agreements between the defendants to relieve the plaintiffs of their money and property). If true, those facts would entitle the plaintiffs to economic and equitable relief. This court is confronted with a complaint with 9 separate causes of action, some of which are to be read in combination with each other in order to give rise to a cause of action. This court has afforded the plaintiffs every consideration in determining whether their third amended complaint sets forth causes of action and satisfies the requirements of Mass.R.Civ.P. 12 and 8. Since the discovery has not been completed this court has elected not to decide the allegations under the more stringent standard to be employed by this court in deciding a summary judgment.
Nevertheless, at some point the plaintiffs, and ultimately this court, are going to have to “trim” the plaintiffs’ allegations and sharpen their focus to speed resolution or for trial. Toward that end, this court, in addition to its order on the defendant Wainwright’s motion to dismiss, will make an order of reference of this case to a Master under the provisions of Mass.R.Civ.P. 53. This reference will be with respect to all parties in this case and all parties must agree to share equally in the cost of the Master before such a reference will be finalized.
ORDER
For the reasons stated above, the defendant Wainwright’s motion to dismiss, or alternatively for summary judgment is treated only as a motion to dismiss under Mass.R.Civ.P. 12(b)(6) and is denied.
This case is to be referred to Herbert M. Travers Jr., or some other suitable persons to sit as a Master per Mass.R.Civ.P. 53 and Superior Court Rule 49. The master shall make findings of fact via agreement or hearing.
The hearings shall begin on or before February 14, 2000 and shall be completed on or before April 28, 2000. The Master’s report shall be filed on or before May 30, 2000. Since this court cannot compel the parties to submit to a Master, the plaintiffs and the defendants shall agree to equally pay the Master’s fee or this paragraph of this order is void.
The parties shall appear before this court on January 28, 2000 for a status conference. The parties shall prepare for submission at that conference an accounting of the status of the Master’s hearing and all discovery, a schedule for the completion of any outstanding discovery and dispositive motions, and a suggested trial date.

Colonial was added as party by a third amended complaint that was not filed and allowed until after this motion to dismiss or summary judgment had been heard.

The plaintiffs’ pleadings are, for all intents and purposes, a hash. Their first amended complaint brought Wainwright into the action. Count VI of that first amended complaint sought relief under a theory that Wainwright participated in a fraudulent conveyance. In Wainwright’s answer to that complaint they brought counterclaims versus the plaintiffs. The plaintiffs, in their answer to Wainwright’s counterclaim asserted additional "claims.” Those claims asserted against Wainwright contain 7 counts: breach of contract, conversion, fraud, conspiracy, chapter 93A, breach of the covenant of good faith and fair dealing, and emotional distress. Finally, the plaintiffs have again amended their complaint, ostensibly to have all claims against all defendants in one pleading. That last amended complaint contains 9 counts. Nevertheless they only resist defendant Wainwright’s motion on the original 7 counts. Despite the fact that this last or third amended complaint was not filed until after the defendant's motion to dismiss was filed, this court will decide the defendant Wainwright’s motion using this complaint in order to save needless and further repetitious pleadings.

In its memorandum in support of his motion to dismiss or summary judgment, Wainwright argues that, even if it had actual knowledge of the agreement, the plaintiffs’ failure to record the agreement prevents them from claiming any kind of priority over either Wainwright or the other secured creditors. This argument should fall because controlling Massachusetts case law holds otherwise. See International Paper, 281 Mass. at 29-30.