Troy, Paul E., J.
INTRODUCTION
Plaintiff Karla Brown (“Brown”) filed this action against the defendants alleging that she was the victim of a predatoiy lending scheme and seeking to rescind her mortgage and recover damages. This matter is before the court on Deutsche Bank National Trust Company and Saxon Mortgage Services, Inc.’s motion to dismiss the complaint pursuant to Mass.RCiv.P. 12(b)(6). For the reasons discussed below, the motion is ALLOWED in part and DENIED in part.
BACKGROUND
The following facts, taken from the complaint, are assumed to be true for purposes of this motion to dismiss. Brown is a single mother with two children who works as a social worker. In April of 2006, Alysha Lawton (“Lawton”), an agent for Coldwell Banker, took Brown to see a two-family duplex located at 52-54 Mather Street in Dorchester, Massachusetts. Lawton introduced Brown to Philip Brown (“Philip”), an agent of defendant GMAC Mortgage Corporation (“GMAC”), and Barrando Butler (“Butler"), a real estate attorney. Philip told Brown that he would obtain a mortgage so she could afford to purchase the duplex. Philip assured Brown on multiple occasions that if her mortgage payments became too high, she could re-finance in six months to receive lower interest rates and lower payments. Brown provided Philip and GMAC with proof of employment, pay stubs, and bank account information accurately disclosing her gross income of $3,500 per month or approximately $42,000 per year. However, Philip, without her knowledge, stated in the Uniform Residential Loan Application that Brown’s gross income was $7,500 per month or approximately $90,000 per year.
*560 In April of 2006, Brown signed a purchase and sale agreement with the owner of the duplex, Timothy Williams. The purchase and sale agreement contained a mortgage contingency clause; Philip presented Brown with a loan package. Brown informed Philip that her stated income on the loan documents was incorrect. Philip falsely told Brown that the stated income included the expected rental income from the duplex and assured her that it was a complicated but standard calculation. Brown approached another mortgage broker who warned her that her income did not justify a $468,000 mortgage loan and advised her to cancel the transaction pursuant to the mortgage contingency clause in the purchase and sale agreement. When Brown informed Philip that she wanted to cancel the transaction, he falsely stated that she qualified for the mortgage and would lose her deposit if she canceled.
Butler assured Brown that the loan documents were in order and that she was receiving a good deal. Butler falsely stated that she qualified for the loan and would not be able to obtain the letter of denial from the mortgage broker necessary to cancel the transaction without forfeiting her down payment. On June 6, 2006, Brown entered into two loans with defendant Accredited Home Lenders, Inc. (“Accredited”) for principal amounts of $374,400 and $93,600. Butler did not explain the loan provisions to Brown, but encouraged her to sign without carefully reviewing the documents. Brown paid Butler $900 for his legal services.
The loan for $374,400 (“First Loan”) is a 30-year adjustable rate mortgage with a disclosed Annual Percentage Rate of 9.378%. The First Loan mortgage requires a $236,565.21 balloon payment, equal to 63.2% of the amount financed, at maturity. Brown’s initial monthly payments on the First Loan were $2,498.98, not including taxes and insurance in escrow. The loan for $93,600 (“Second Loan”) is a 15-year fixed rate mortgage at 12.99% with monthly payments of $1,034.68. The Second Loan mortgage requires a $82,842.93 balloon payment, equal to 88.8% of the amount financed, at maturity. Brown was never informed of and never consented to these balloon payments. Until recently, Brown has remained current on her mortgage payments by borrowing large sums of money from her family and friends, but she cannot afford the payments.
Defendant Deutsche Bank National Trust Company (“Deutsche”) is the trustee for the current holder of the First Loan mortgage. Defendant Saxon Mortgage Services, Inc. (“Saxon”) is the current servicer of the First Loan. Saxon has denied repeated requests by Brown to modify the First Loan. Defendant HSBC Mortgage Services, Inc. is the current servicer of the Second Loan mortgage.
Brown contends that all of the defendants worked together to market and underwrite loans based on falsely stated income to low-income families who could not afford them, concealing the falsified incomes, failing to provide proper disclosures, and hurrying the buyers through the closings.
Brown filed her complaint in this action on May 1, 2009. Count I alleges intentional and negligent misrepresentation, Count II alleges unconscionabilify, Count III alleges violation of the duty of good faith and fair dealing, Count IV alleges tortious interference with contract, Count v. alleges violations of G.L.c. 183A, §63, Count VI alleges legal malpractice by Butler, Count VII alleges intentional infliction of emotional distress, and Count VIII alleges violation of Chapter 93A. Each count appears to be asserted against all the defendants, and each count seeks rescission of the mortgage loans as well as damages and costs, including attorneys fees.
DISCUSSION
When evaluating the legal sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court accepts as true all of the factual allegations of the complaint, and draws all reasonable inferences from the complaint in favor of the plaintiff. Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008); Berish v. Bornstein, 437 Mass. 252, 267 (2002). The court need not accept as true legal conclusions cast in the form of a factual allegation. Schaer v. Brandeis Univ., 432 Mass. 474, 477 (2000). To survive a motion to dismiss, a complaint must contain factual allegations which, if true, raise a right to relief above the speculative level. Iannacchino v. Ford Motor Co., 451 Mass. at 636. Dismissal under Rule 12(b)(6) is proper where a reading of the complaint establishes beyond doubt that the facts alleged do not add up to a cause of action which the law recognizes, such that the plaintiffs claim is legally insufficient. Nguyen v. William Joiner Center for the Study of War and Social Consequences, 450 Mass. 291, 294 (2007); Pontremoli v. Spaulding Rehabilitation Hosp., 51 Mass.App.Ct. 622, 624 (2001).
I. BONA FIDE PURCHASER STATUS
Deutsche and Saxon move to dismiss all the counts against them on the ground that Deutsche is a bona fide purchaser whose rights are not affected by any wrongdoing with respect to the First Loan. A bona fide purchaser is one who in good faith buys something for valuable consideration without actual or constructive notice of any defects in or infirmities, claims, or equities against the seller’s title. Goodwin v. Massachusetts Loan & Trust Co., 152 Mass. 189, 199 (1890). See Terrill v. Planning Bd. of Upton, 71 Mass.App.Ct. 171, 175-76 n.9 (2008) (discussing G.L.c. 41, §81W, which prohibits rescission of planning board subdivision approval without consent of mortgagee who granted mortgage in good faith and for consideration); New Bedford Institution for Sav. v. Gildroy, 36 Mass.App.Ct. 647, 654-55, rev. den., 418 Mass. 1106 (1994) (transferee of bona fide purchaser who was not directly and personally involved with disputed aspects of transaction takes instrument free of personal defenses such *561 as fraud). See also Altman v. Stiegel, 349 Mass. 768, 768 (1965) (discussing whether mortgagee had knowledge of adverse interest so as to require subordination of lien); 59 C.J.S. Mortgages §216, at 264 (1998) (mortgagee may be treated as bona fide purchaser). In its brief, Deutsche asserts that it received an assignment of the First Loan without any notice of fraud or other wrongdoing. However, this Court cannot consider that factual assertion in the context of a Rule 12(b)(6) motion. See Eigerman v. Putnam Investments, Inc., 450 Mass. 281, 285 n. 6 (2007) (on motion to dismiss, court should only consider facts alleged in complaint or contained in attached exhibits).
Deutsche further emphasizes that Brown has not alleged in her complaint that it had any actual or constructive notice of wrongdoing by the other defendants. However, bona fide purchaser status is an affirmative defense on which the defendant bears the burden of proof. Demoulas v. Demoulas Super Markets, Inc., 424 Mass. 501, 548 (1997); George v. Coolidge Bank and Trust Co., 360 Mass. 635, 639-40 (1971); Elbar Realty, Inc. v. City Bank & Trust Co., 342 Mass. 262, 268 (1961). As such, bona fide purchaser status generally should be pleaded in the defendant’s answer pursuant to Mass.R.Civ.P. 8(c). See Demoulas v. Demoulas, 428 Mass. 555, 575 n. 16 (1998).
Insofar as the face of Brown’s complaint does not show Deutsche’s bona fide purchaser status, a Rule 12(b)(6) motion on that basis is not appropriate. See Cavanagh v. Cavanagh, 396 Mass. 836, 939 (1986) (dismissal appropriate where complaint clearly reveals existence of affirmative defense). Cf. Green v. Tanner, 49 Mass. 411, 422 (1844) (whether defendants are bona fide purchasers as alleged in answer is question of fact). Summary judgment, and not a motion to dismiss, is the proper “weapon of first choice’’ to adjudicate this affirmative defense. See Kirkland Constr. Co. v. James, 39 Mass.App.Ct. 559, 564 (1995), rev. den., 422 Mass. 1104 (1996) (Brown, J., concurring).
II. FAILURE TO STATE A CLAIM
Deutsche and Saxon further move to dismiss each count on the ground that the complaint fails to allege specific facts against them sufficient to state a legal claim. Admittedly, most of the counts do not contain allegations specific to Deutsche or Saxon. However, insofar as Brown seeks to rescind the First Loan held by Deutsche and serviced by Saxon based on the tortious conduct of the other defendants, Deutsche in particular is a necessary party for the equitable remedy of rescission.
Nonetheless, Count VI, which alleges legal malpractice by Butler in representing Brown during the closing, and Count VII, which alleges intentional infliction of emotional distress, fail to state a claim upon which relief can be granted as to Deutsche and Saxon. Brown’s complaint is devoid of allegations which, if true, raise a right beyond the speculative level to damages against Deutsche or Saxon for malpractice or infliction of emotional distress. Moreover, even if proven, such claims would not furnish a basis on which to rescind the First Loan. Accordingly, those counts fail to state claims upon which relief can be granted.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendants Deutsche Bank National Trust Company and Saxon Mortgage Services, Inc.’s Motion to Dismiss be ALLOWED as to Counts VI and VII of the complaint and DENIED as to all other counts.