NATIONAL MECHANICS' AND TRADERS' BANK OF PORTS-MOUTH *vs.* EAGLE SUGAR REFINERY & trustees.

A conveyance by an insolvent debtor in trust for assenting creditors cannot be avoided, except for fraud, at the suit of a creditor who does not assent.

TRUSTEE PROCESS. From the answers of James F. Eaton, Israel G. Whitney and Joel Richards, who were summoned as trustees, it appeared that they held property which had been conveyed to them by the defendants under a written agreement, on trust that they should divide it *pro rata* among all the creditors of the defendants who should sign the agreement, and that the defendants were insolvent at the time of the conveyance. It was contended that Samuel Lamb had an interest in the property, but this claim it is not now material to state.

The superior court ordered the trustees to be discharged, and the plaintiffs appealed.

*J. P. Treadwell*, for the plaintiffs.

*H. C. Hutchins & H. H. Currier*, for the trustees.

WELLS, J. The question presented by the answers of the trustees, and discussed before us, is mainly that of the validity of an assignment of property, by an insolvent debtor, to trustees, for distribution among creditors who have become parties to the instrument, and whose claims exceed the amount of the property. We do not find it necessary to consider how far the interest and rights of Lamb might affect the result, if our conclusion upon the main question were otherwise than it is.

While the St. of 1836, *c.* 238, was in force, such an assignment was held to be invalid as against attachment by a creditor who had not assented to it. *Wyles* v. *Beals*, 1 Gray, 233. *Edwards*

v. *Mitchell,* Ib. 239. *Bowles* v. *Graves,* 4 Gray, 117. *Grocers' Bank* v. *Simmons,* 12 Gray, 440. *Stanfield* v. *Simmons,* Ib. 442. That statute was expressly repealed upon the adoption of the General Statutes in 1860.

It is true that the decision in *Wyles* v. *Beals* was put upon the ground that the assignment was "repugnant to the spirit and provisions of the insolvent laws, embracing as well St. 1836, c. 238, regulating assignments, as St. 1838, c. 163, and the numerous acts in addition thereto;" and several particulars were pointed out in which it was thought to be repugnant to those insolvent laws, but in which it would not contravene the law of 1836. But in *Edwards* v. *Mitchell,* which appears to have been decided at a subsequent term of the court, instead of resting the case upon the previous decision in *Wyles* v. *Beals,* the chief justice, who pronounced both opinions, pointedly puts it upon the ground of inconsistency "with the spirit and provisions of the St. of 1836, c. 238;" and proceeds then to discuss the question whether that statute had been repealed by the St. of 1838, c. 163, for the relief of insolvent debtors. The only other reference to the St. of 1838, or to the previous decision, is contained in a single paragraph, as follows: "This assignment is equally repugnant to the general insolvent law, St. 1838, c. 163, as was decided at the last March term in the case of *Wyles* v. *Beals.*"

The prominence thus given to the St. of 1836 in this case, by contrast with the preceding one of *Wyles* v. *Beals,* is the more significant, as an explanation and qualification of the previous opinion, from the fact that the discussion was unnecessary to the decision of the case then in hand. The assignment had not been executed on the part of the creditors; and the court accordingly proceeds to declare that it "would be void against creditors, by the common law of Massachusetts, as it was understood and administered before the first of these statutes was passed."

It is to be observed that under the St. of 1836, c. 238, § 11, an assignment contrary to its provisions is declared to be invalid and ineffectual against an attachment or execution in behalf of any creditor not a party to it; while under the St. of 1838, c. 163, § 10, the invalidity could be availed of only by the assignee con-

stituted by the proceedings of insolvency. It has been repeatedly held, as well before as since the repeal of the St. of 1836. *c.* 238, that assignments or conveyances of property by an insolvent debtor, otherwise than to trustees, made in direct contravention of the express provisions of the insolvent laws of the Commonwealth, can be avoided only by the assignee appointed under proceedings taken in accordance with those laws. *Penniman* v. *Cole,* 8 Met. 496. *Burt* v. *Perkins,* 9 Gray, 317. *Gardner* v. *Lane,* 9 Allen, 492. *Banfield* v. *Whipple,* 14 Allen, 13. *Potter* v. *Belden,* 105 Mass. 11. We are unable to see in what respect a conveyance to trustees, like the present, stands in any different relation to the general insolvent laws of Massachusetts, or the bankrupt laws of the United States, from that of a simple conveyance to a creditor by way of preference. We are inclined therefore to ascribe to the St. of 1836, *c.* 238, the whole legal force of the decisions first referred to. That statute having been repealed, the assignment in question, even if voidable by an assignee in insolvency or bankruptcy, cannot be avoided by a creditor for his individual benefit, without proof of that which would constitute fraud at the common law. Accordingly the judgment must be                                                                *Trustees discharged.*