CHARLES B. MAY *vs.* CHARLES WANNEMACHER & another & trustee.

A partnership doing business in this state and in Pennsylvania, of whose partners one was a citizen of and domiciled in this state, and the others were citizens of and domiciled in Pennsylvania, made in 1861 an assignment, by bipartite instrument, of all its property for the benefit of creditors; the assignment was voluntary, but was made with reference to the laws of Pennsylvania, by which it was valid, and in accordance with which the proof of claims and the distribution of property were conducted as judicial proceedings. In and prior to 1864, creditors proved claims under the assignment to an amount much greater than the value of the property assigned. *Held*, that a creditor of the firm domiciled in this state could not, by attachment in 1865, hold, as against the assignee, a debt due to the firm.

TRUSTEE PROCESS against Charles Wannemacher and Joseph Maxfield, surviving partners of the firm of N. Sturtevant & Company, on promissory notes indorsed by the firm. John Borrowscale was summoned as trustee of the defendants. Writ dated June 6, 1865.

The case, as it appeared from the answer of the trustee and an agreed statement of facts, upon which it was submitted to the judgment of the Superior Court, was as follows:

The firm of N. Sturtevant & Company was composed of the defendants, both of whom were domiciled in Philadelphia in the Commonwealth of Pennsylvania, and were citizens of Pennsylvania, and of Noah Sturtevant, who was domiciled in Boston and was a citizen of Massachusetts. The firm did business both in Philadelphia and Boston.

The following indenture was executed on the day of its date:

" This indenture, made the twenty-fifth day of October, A. D. 1861, between the firm of N. Sturtevant & Company, of Philadelphia, coal merchants, and Joseph Maxfield and Charles Wan-

nemacher, both of said city, who, with Noah Sturtevant, of the city of Boston, coal merchant, compose the said firm of N. Sturtevant & Company, of the first part, and Joseph A. Clay, of the city of Philadelphia, of the other part.

" Whereas, the said firm of N. Sturtevant & Company, owing to misfortunes in business, is unable to pay its various creditors, but said firm, and said Maxfield and Wannemacher, are desirous of distributing their estate among their creditors according to law : Now this indenture witnesseth that the firm of N. Sturtevant & Company, and Joseph Maxfield and Charles Warnemacher, as well for and in consideration of the premises as of the sum of one dollar to them well and truly paid by the said Joseph A. Clay, at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, have granted, bargained, sold, assigned, transferred and set over, and by these presents do grant, bargain, sell, assign, transfer and set over unto the said Joseph A. Clay, his heirs, executors, administrators and assigns, all the estate, real, personal and mixed, of the said firm of N. Sturtevant & Company, and all the right, title and interest of them, the said Joseph Maxfield and Charles Wannemacher therein, and all the rights, credits and expectancies of said firm, and all the right, title and interest of them, said Maxfield and Wannemacher, therein, and also all the estate, real, personal and mixed of them, and each of them, the said Joseph Maxfield and Charles Wannemacher, and all their rights and credits whatsoever and wheresoever, whether such estates, rights and interests, expectancies and credits are situate, lying and being due and owing, or to become due and owing in the State of Pennsylvania, or elsewhere wheresoever. Saving and excepting, nevertheless, to the said Maxfield and Wannemacher, respectively, the amount exempt from levy and execution, if by law they may hereby save and exempt the same ; but if they may not do so by law, then without any reservation or exception whatever.

" To have and to hold all the estates, rights, interests, credits and expectancies aforesaid, whatsoever and wheresoever, with the appurtenances, unto the said Joseph A. Clay, his heirs, executors, administrators and assigns, to his and their only use and behoof

forever. In trust, nevertheless, and to, and for and upon the trusts, intents and purposes hereinafter set forth, viz. : that the said party of the second part shall sell, sue for, collect and convert all the said assigned property, as speedily as may be, into cash, and as the proceeds are from time to time realized and collected (after paying all the legal expenses of this trust, then) to pay the creditors of the said parties of the first part their respective demands according to law. And should any part or portion of said trust property or funds remain after fully complying with the trusts aforesaid, then the said party of the second part shall deliver over and reconvey the same unto the said parties of the first part, their heirs, executors, administrators and assigns. And the more effectually to enable the said party of the second part to accomplish and perform the trust aforesaid, the said parties of the first part do hereby nominate, constitute and appoint the said party of the second part their true and lawful attorney for them and in said firm name, and in their names jointly or severally, to ask, demand, sue for, recover and receive all such sum and sums of money, debts, goods, wares, dues, accounts and other demands whatsoever, which are now due and may hereafter become payable. Giving and granting unto their said attorney, by these presents, their full and entire power and authority in and about the premises, to have, use and take any and all lawful ways and means for the purposes aforesaid ; and upon the receipt of any such debts, dues and sums of money, acquittances and other sufficient discharges to make, seal and deliver.

" In witness whereof the said parties have hereunto set their hands, and the said Wannemacher and Maxfield have hereto affixed their seals the day and year first above written. N. Sturtevant & Company. Joseph Maxfield. [Seal.] Charles Wannemacher. [Seal.] "

" I accept the foregoing trust. Witness my hand and seal this 25th day of October, A. D. 1861. Joseph A. Clay. [Seal.] "

And on the day of its date the following deed was executed :

" Know all men by these presents, that whereas the firm of N. Sturtevant & Company, of the city of Philadelphia, and Joseph Maxfield and Charles Wannemacher, partners of the said

firm, did, on the twenty-fifth day of October, A. D. 1861, execute and deliver to Joseph A. Clay, of the said city, his heirs, executors, administrators and assigns, a general assignment and conveyance of all the estate, real, personal and mixed, of the said firm of N. Sturtevant & Company, and all the rights, credits and expectancies of the said firm, upon certain trusts for the benefit of the creditors of the said firm, as by reference to the said assignment, duly recorded at the said city, will more fully and at large appear. Now, know ye, that I, Noah Sturtevant, a copartner with the said Joseph Maxfield and Charles Wannemacher, of the said firm of N. Sturtevant & Company, of the city of Boston, and resident in the said city of Boston at the time of the execution and delivery of the said deed of assignment, do by these presents, for the inducements and considerations in the said deed of assignment recited and contained, approve and assent to the said deed of assignment, and to the execution and delivery thereof, as and for the act and deed of the said firm of N. Sturtevant & Company, and do hereby grant, ratify and confirm, and convey unto the said Joseph A. Clay, his heirs, executors, administrators and assigns, as well the said deed of assignment, as all and singular the estate and partnership property, rights, credits and expectancies therein recited and thereby conveyed. To have and to hold the said estate, property, rights, credits and expectancies to him, the said Joseph A. Clay, his heirs, executors, administrators and assigns, upon the same and like trusts as are contained and declared in the said deed of assignment, and with the same force and effect, as if the said deed had been executed by me as a party thereto.

"In witness whereof I have hereunto set my hand and seal, this fifteenth day of November, in the year of our Lord one thousand eight hundred and sixty-one. Noah Sturtevant. [Seal.]"

It was agreed by the parties "that general assignments by debtors for the benefit of their creditors were recognized by the law of Pennsylvania at the time the assignment in this case was made, by an act of the Assembly of Pennsylvania of June 14, 1836; that by subsequent acts all preferences in such assignments, except for wages of labor to a limited amount, are avoided, and

the assignments enure to the benefit of all the creditors equally with the above exception, so far as the laws of Pennsylvania have force; that the assignment of October 25, 1861, to Clay, was general and without preferences, so far as the laws of Pennsylvania have force, and conformable to the laws of Pennsylvania; that Clay, the assignee, filed his first account November 17, 1863; that it was referred to John N. Campbell, a master, for audit and distribution; that claims of creditors were proved prior to April 14, 1864, to the amount of $412,027.18; that Campbell filed his report on that day and declared a dividend of $3\frac{1}{10}$ per cent., which has been paid as demanded; that on December 30, 1864, Campbell filed a supplementary report, admitting a claim of $2645.37, to a dividend, and some·small claims were proved afterwards; that Clay subsequently filed his second account, exhibiting a balance of $11,613.77, which, with some little accrued interest, will suffice for a further dividend of between two and three per cent.; that there is an apparently hopeless claim against a bankrupt estate still outstanding, but nothing else recoverable by the assignee, unless the claim in the present case can be enforced; that by the laws of Pennsylvania creditors only recognize the assignment by proving their claims and accepting dividends, as they have done in this case to the extent above mentioned, and they have no remedy against the assigned property except this; and that no judgment or execution binds or can be levied on the estate after the assignment, and the assignment is valid against them in every way, so far as the laws of Pennsylvania have force."

Borrowscale, who was a citizen of Massachusetts, was employed by Clay, assignee, under the laws of Pennsylvania, of the firm of N. Sturtevant & Company, to collect certain amounts due that firm; and he did collect certain sums, of which he paid over part to Clay, and held the balance in his hands at the time when he was summoned as trustee.

The plaintiff was a citizen of Massachusetts, domiciled there at the time of the assignments to Clay and of the bringing of this suit, and also at the time of the making of the notes sued on. which were made and delivered in Massachusetts; and the plain-

tiff never proved his claim under the assignments to Clay, or in any manner recognized or assented to the said assignments, or to the action of Clay under the same, or to the doings of the other creditors in regard to said assignments. Noah Sturtevant died before this action was brought.

The Superior Court discharged the trustee, and the plaintiff appealed.

*W. A. Field*, for the plaintiff.

*C. A. Welch*, for the trustee.

WELLS, J. The St. of 1836, *c.* 238, having been repealed, this case is not affected by any considerations arising from that statute, or from the general policy of the insolvent laws of Massachusetts. *National Mechanics' & Traders' Bank* v. *Eagle Sugar Refinery*, 109 Mass. 38.

Independently of those laws, it has always been held that voluntary assignments by a debtor, in trust for the payment of debts, and without other adequate consideration, are invalid as against attachment, except so far as assented to by the creditors for whose benefit they were made. If assented to by creditors, such assignments are good at common law, and will protect the property or fund from attachment to the extent of the amount due to creditors thus assenting; unless, by the conditions of the assignment, it is made to take effect only upon the assent of all, or a prescribed number of creditors.

The assent of creditors will not be presumed on the ground that it is apparently for their interest; but must be shown by some form of adoption or affirmative acquiescence. *Russell* v. *Woodward*, 10 Pick. 408, 413.

In cases of assignment by a tripartite instrument, it is generally necessary that creditors should execute the instrument in order to give it full effect, because such is the intent with which it is made. But when this is not required by the form of the instrument of assignment, it is only necessary that creditors should give such assent to its provisions as will recognize and affirm the acceptance and possession of the property by the assignee, as made and held for their benefit and in their behalf, in accordance with the terms of the assignment. *Russell* v. *Woodward*, 10 Pick. 408. *Everett* v. *Walcott*, 15 Pick. 94.

If creditors present their claims to the trustees for allowance for the purpose of a distribution, in accordance with the terms of the assignment, they thereby assent to the trust; and the trustee thereafter holding the property in their behalf holds it upon a legal consideration, and his title is perfected. The effect is the same if they present their claims to commissioners or other persons appointed for that purpose, in accordance with the terms of the assignment. And it can make no difference, in this particular, if those persons are appointed under provisions of local public law, with reference to which the instrument of assignment was made.

The foregoing propositions meet and cover the present case. The assignment was made with reference to the laws of Pennsylvania. It is agreed that, by those laws, such an assignment is recognized as valid; and the proof and allowance of claims, and the distribution, are conducted as judicial proceedings. Creditors, to an amount largely exceeding the total assets, have presented and proved their claims and accepted dividends upon them, thereby signifying their adoption of the assignment for their benefit.

The question is made how far the courts of this Commonwealth are bound to recognize assignments of this kind, made in a foreign jurisdiction, when set up against our own citizens claiming to hold, by attachment, property of the insolvent debtor found within this jurisdiction.

Such assignments made by commissioners of bankruptcy, or by judicial or legislative authority merely, without the act and assent of the debtor, are not held as binding upon the courts of another state. *Taylor* v. *Columbian Ins. Co.* 14 Allen, 353.

An assignment made by the debtor himself in another state, which, if made here, would be set aside for want of consideration or delivery, or as fraudulent, or contravening the policy of the law of this Commonwealth, will not be sustained here against an attachment, although valid in the state or country where made. *Zipcey* v. *Thompson*, 1 Gray, 243. *Fall River Iron Works Co.* v. *Croade*, 15 Pick. 11. *Ingraham* v. *Geyer*, 13 Mass. 146. *Osborn* v. *Adams*, 18 Pick. 245.

In each case above mentioned, to sustain the assignment would be to give force and effect here to the foreign law, which has none *suo vigore*. That is a matter of comity, and not of right. But in each case the assignment is always sustained so far as it affects property which was at the time within the jurisdiction where it was made ; *Benedict* v. *Parmenter*, 13 Gray, 88 ; *Wales* v. *Alden*, 22 Pick. 245 ; and also as against all citizens of that jurisdiction, even when seeking a remedy here against property found here. *Rhode Island Central Bank* v. *Danforth*, 14 Gray, 123. *Martin* v. *Potter*, 11 Gray, 37. *Richardson* v. *Forepaugh*, 7 Gray, 546. *Whipple* v. *Thayer*, 16 Pick. 25. *Daniels* v. *Willard*, Ib. 36.

This assignment is made by the debtors themselves. No fraud is shown or suggested. It in no respect contravenes the policy of law as established in this Commonwealth. It is assented to by creditors sufficiently to give it a valid consideration and full legal effect, if it had been made here. The effect of that assent does not depend at all upon the judicial proceedings in Pennsylvania. Giving no force whatever to the judicial authority of those proceedings, or to the local law, we find in the acts of the parties sufficient to constitute a legal and valid assignment, which should be held to be good wherever made, and effectual to pass the rights of the debtors even to property not subject to the local laws of Pennsylvania. *Means* v. *Hapgood*, 19 Pick. 105. *Newman* v *Bagley*, 16 Pick. 570. The judgment therefore must be

*Trustee discharged.*