## S. A. PIERCE *vs.* JOHN B. O'BRIEN.

Suffolk.    November 21, 1879. — September 8, 1880.

A voluntary assignment by a debtor in another State of all his property situated in this Commonwealth, in trust for his creditors, the only consideration for which is the acceptance of the trust by the assignee, although valid in the State where made, is invalid as against a subsequent attachment of his personal property by a creditor in this Commonwealth not assenting to the assignment; and a subsequent assent to the assignment by creditors in the other State, by proving their claims under it, cannot defeat the title acquired by the attachment here.

COLT, J.   This is an action of tort for the conversion of personal property, attached in this State by a Massachusetts creditor as the property of a resident of Rhode Island.   By the laws of Rhode Island, the assignment under which the plaintiff claims is valid as against creditors in that State.   It is an assignment of all the debtor's property, both real and personal, to the plaintiff, in trust for the benefit of his creditors.   The plaintiff came to this Commonwealth and took possession, under the assignment, of the property in question before it was attached.   But at the time of the attachment, no creditor had become a party to the assignment, or had assented to it; and the only consideration for it was the plaintiff's acceptance of the trust.

The question is how far our courts are bound to recognize assignments of this kind made in other States as against our own citizens claiming to hold by attachment property found in this Commonwealth.   The question is clearly settled by the decisions.

Independently of insolvent laws, or assignments for the benefit of creditors authorized by statute, it has always been held by this court that voluntary assignments by a debtor in this Commonwealth in trust for the payment of debts, and without other adequate consideration, are invalid as against an attachment, except so far as assented to by the creditors for whose benefit they were made.   *Edwards* v. *Mitchell*, 1 Gray, 239.   *May* v. *Wannemacher*, 111 Mass. 202.   The assent of creditors is not presumed, but must be shown by some affirmative act, such as presenting claims, or becoming parties to the written assignment.   *Russell* v. *Woodward*, 10 Pick. 407, 413.   Such assignments made by judicial or

legislative authority in another State are not held binding here. *Taylor* v. *Columbian Ins. Co.* 14 Allen, 353. And an assignment made by the debtor himself in another State, which, if made here, would be set aside for want of consideration, will not be sustained against an attachment by a Massachusetts creditor, although valid in the place where it is made. There is no comity which requires us to give force to laws of another State which directly conflict with the laws of our own, or to allow to the act of a debtor resident in another State an effect in disposing of his property, as against his creditors here, which it would not have if he lived in Massachusetts. *Zipcey* v. *Thompson*, 1 Gray, 243. *Swan* v. *Crafts*, 124 Mass. 453. *Osborn* v. *Adams*, 18 Pick. 245. *Fall River Iron Works* v. *Croade*, 15 Pick. 11. In the language of Mr. Justice Morton in the case last cited, " Assignments by insolvent debtors in trust to pay their debts, either in a specified order or *pro rata*, are not deemed of sufficient validity to protect the assigned property from the attachments of the creditors of the assignor. There is no adequate consideration; and without this, no insolvent debtor can so dispose of his property as to place it beyond the reach of his creditors. The validity of such assignments must depend upon the assent of the creditors." " If they decline or omit to join in the assignment, there are no *cestui que trusts*, and so no trusts to be executed, and the consideration entirely fails."

The subsequent assent of the Rhode Island creditors to this assignment, manifested by proving their claims under it, cannot defeat the title to this property which the creditor in Massachu· setts acquired by his attachment. *Bradford* v. *Tappan*, 11 Pick. 76. *Ward* v. *Lamson*, 6 Pick. 358.

*Judgment for the defendant.*

*O. B. Mowry*, for the plaintiff.
*G. E. Smith*, for the defendant.