PLEASANT HILL CEMETERY

*vs.*

ISAAC N. DAVIS AND RETIAH D. JONES, trustee.

Androscoggin.    Opinion June 10, 1884.

*Trustee process.    Assignment law.    Insolvent law.*

The former assignment law, did not create or even give validity to assignments for benefit of creditors, but only regulated or controlled them. The repeal of the assignment law, by the enactment of the insolvent law, left such assignments to be governed by the rules of the common law, when the insolvent law is not invoked.

Where a creditor, not a party to the assignment, instead of proceeding under the insolvent law, resorts to a trustee process of attachment in a common law action, he cannot, in the absence of fraud, revoke or undo what has been done and executed at the time of his attachment, nor by such process avoid any rights then acquired by third parties under such assignment.

ON EXCEPTIONS.

This was an action of assumpsit; the principal defendant was defaulted, and the question reserved for the full court was the amount for which the trustee should be charged.

The alleged trustee disclosed an assignment to him by the principal defendant, dated November 14, 1878, under the provisions of c. 70, of the R. S. of 1871. At the May term, 1879, of the probate court for Androscoggin county, the alleged trustee filed his first account and the same was settled, and the sum of $1278.63, by order of said court, was distributed to the creditors, who had become parties to the assignment. The plaintiff was

not one of the parties. In that account the alleged trustee charged and was allowed "forty days time and labor in taking inventory of and selling goods, two hundred dollars." At the December term, A. D. 1879, of the probate court, the alleged trustee filed his second account, and the same was duly settled, and the sum of $2095.19 was ordered distributed to the creditors who had become parties to the assignment. In that second account the alleged trustee charged and was allowed "percentage upon disbursements of $4068.36," two hundred dollars. At the time of the service of this writ, there was in the hands of the alleged trustee and now remains, the sum of $257.75, collected from the estate of said debtor in cash and certain promissory notes enumerated in the disclosure. At the time of service of the writ on the alleged trustee, all the sums due the creditors under the two orders of distribution above referred to, had been paid except fifty dollars. The alleged trustee had received from the creditors, to whom said sum was ordered distributed, their verbal orders to pay said sum to Mrs. Davis, the wife of Isaac N. Davis, the debtor, and had agreed to so pay said sum. After the service of the writ upon him, he paid said sum of fifty dollars to the creditors to whom it had been ordered distributed, viz : Forty dollars to Fletcher and Company, and ten dollars to Harris and Company.

The presiding justice ruled *pro forma* that the said alleged trustee should be charged for $257.75, and the notes named in said disclosure, subject to a prior attachment in a suit against the same principal defendant in favor of Stetson L. Hill, now pending in this court.

To this ruling the plaintiff alleged exceptions.

*N. and J. A. Morrill*, for the plaintiff.

The assignment law was repealed by the insolvent law. *Smith* v. *Sullivan*, 71 Maine, 150.

In *Lewis* v. *Latner*, 72 Maine, 487, it was held that a person summoned as a trustee who holds goods, effects and credits of the principal defendant by virtue of an assignment under R. S., 1871, c. 70, will be charged as trustee.

The two sums of two hundred dollars each, which Jones charged and retained for services, was as much in his hands at the time of the service of the writ as the $257.75. He cannot claim it on the ground that it was allowed him by the judge of probate, for that court had no jurisdiction. Although this seems to be a new question in this state, we find two cases in Massachusetts directly in point. *Bartlett* v. *Bramhall*, 3 Gray, 257; *Brown* v. *Coggeshall*, 14 Gray, 134.

Counsel also insisted that the trustee should be charged for the fifty dollars which he paid two of the creditors after the service of the trustee writ, and claimed that the trustee should be charged for $707.75, and the notes named in his disclosure.

*F. M. Drew*, for the trustee, cited: Bump, Fraudulent Conveyances (1st ed.), 336, 422–3; *Canal Bank* v. *Cox*, 6 Maine, 395; *Nat. Merchants' and Traders' Bank* v. *Eagle Sugar Refinery*, 109 Mass. 38; *Brown* v. *Silsby*, 10 N. H. 521; *Guild* v. *Holbrook*, 11 Pick. 101; *Ames* v. *Blunt*, 5 Paige, 20; *Jacobs* v. *Remsen*, 36 N. Y. Ct. App. 668.

EMERY, J. The assignment in this case from the debtor Davis to the assignee Jones for the benefit of Davis' creditors was made, and the trusts executed, in accordance with the old assignment law, R. S., 1871, c. 70. If that chapter had been in force at the time, this assignment and the proceedings under it were apparently regular and valid, and the plaintiff here could only hold such surplus as might revert to the debtor after full administration. But the enactment of the new insolvent law of 1878, repealed the old assignment law of 1871, *Lewis* v. *Latner*, 72 Maine, 487, and at the time of this assignment, there was no statute authorizing it, and the probate court had no jurisdiction in any proceedings under it, and could give them no validity.

The plaintiff therefore, while not claiming there was actual fraud, sufficient at common law to avoid the conveyance, does claim that this transfer of property from Davis to Jones, to administer for Davis' creditors, was void in law by force of the insolvent law, and that Jones had no right to take possession of

the property, nor to administer it, and that even now, after full administration, could be charged in this process, if necessary, for all such property so taken by him. But the plaintiff, in fact, only claims that the trustee be charged, additionally, with the fifty dollars paid over to creditors since the attachment and with the amount reserved by him as compensation for services under the assignment.

This assignment was contrary to the provisions of the insolvent law, and could, of course, have been avoided at any time, and the assigned property recovered from Jones by the assignee in insolvency, if Davis had been put into insolvency and that statute set in motion. *Smith* v. *Sullivan*, 71 Maine, 150. The plaintiff, however, did not invoke the aid of the insolvency statute, but resorted to a process of attachment in a common law action. This raises the question whether and how far this assignment, and the proceedings under it, can be avoided by an attaching creditor.

It is common learning that at common law an insolvent debtor could convey his property to certain of his creditors to pay them in full, and leave the others unpaid. Such a conveyance to one creditor, paying him in full, no trust being reserved for the debtor, could not be avoided by a subsequent attaching creditor. Conveyances of all or a portion of a debtor's property to trustees for the benefit of some or all of his creditors, were also early recognized in Maine and Massachusetts as valid in favor of such creditors as assented thereto, against subsequently attaching creditors. They were not considered against the policy of the law. In the absence of any statutes providing for the distribution of an insolvent's estate, such conveyances or assignments seemed to be the only means by which an insolvent could do justice to all his creditors. It seems to have been a common way of avoiding the harshness of the "grab law," as the attachment law has been called. *Hatch* v. *Smith*, 5 Mass. 42; *Lupton* v. *Cutter*, 8 Pick. 303; *Brinley* v. *Spring*, 7 Maine, 241. Only such creditors, however, as had previously assented to the assignment, were protected against attaching creditors. As to prior assenting creditors the assignments were upheld, and attaching creditors only came in

before such creditors as had not previously assented. *Canal Bank* v. *Cox*, 6 Maine, 395; *Copeland* v. *Wild*, 8 Maine, 411. It will be seen from the cases cited, and from many others, that assignments like this were common, and were recognized by the courts as lawful before the enactment of any statute upon the subject; the first statute in relation to assignments for the benefit of creditors, having been passed in this state in 1836. These statutes did not create such assignments. They were enacted to regulate and control them. The repeal of the assignment laws, no new statute being enacted, would leave assignments as they were before the passage of the laws.

The insolvent statute of 1878, while repealing the chapter in relation to assignments, does not enact that such assignments shall be absolutely void as between the parties. They are not *contra bonos mores*. They stand good as before, at common law, until assailed by some one claiming rights against them under the insolvent law. Only an assignee under the authority of a court of insolvency can overthrow rights acquired by parties under this assignment. *National Mechanics' and Traders' Bank* v. *Eagle Sugar Refinery*, 109 Mass. 38, and cases there cited. *Hanscom* v. *Buffum*, 66 Maine, 246.

We think the plaintiff by this process of attachment cannot revoke anything that has been done prior to his attachment, and cannot diminish any rights then acquired by other parties. He must be content with things as he finds them at the time of his attachment.

The trustee would seem to have acquired a right to compensation. He was employed by the debtor to render the services. He did render them. He seems to have administered the estate to the satisfaction of all parties to the assignment. Apart from the insolvency statute which does not apply here, there seems to be no moral or legal objection to a debtor employing a suitable person to take his property, administer it, and pay his debts with it. He may do all this himself or he may employ one to do it, and if he does employ one, such person is entitled to reasonable compensation. The adjudication of the judge of probate upon the trustee's accounts or upon his charges, is of

course of no binding force as the judge had no jurisdiction, but the trustee rendered his accounts with his charges and they seem to have been assented to by all parties to the assignment. The trustee deducted the amount from the funds in his hands, and we think he had a right to. *Guild* v. *Holbrook*, 11 Pick. 101; *Canal Bank* v. *Cox*, 6 Maine, 395; *Jacobs* v. *Remsen*, 36 N. Y. Appeal, 668. In the case of *Bartlett* v. *Bramhall*, 3 Gray, 257, cited by plaintiff against the allowance of compensation, the assignment was avoided by insolvency proceedings. In that assignment too, it was expressly provided that in case of insolvency proceedings, the assignment should be void, and the trustee should turn over everything, deducting only his expenses, and disbursements, and enough for indemnity against liabilities. In *Brown* v. *Coggeshall*, 14 Gray, 134, cited by plaintiff to the same point, the trustee was assignee under insolvency proceedings against the debtor *in invitum* which proceedings were afterwards found to be void *ab initio*. The debtor never employed the trustee, never assented to his rendering any services about the property but resisted his interference. The trustee therefore could claim nothing for services against the debtor or an attaching creditor.

As to the fifty dollars in the trustee's hands, which had been figured in his distribution account, as accruing to certain creditors, parties to the assignment, that sum would be protected in their favor as prior assenting creditors against this attachment, upon the principles already stated. The sum belonged to the creditors to whom it had been assigned in the account. The trustee was holding it for them, not for the debtor. They had before the attachment directed the trustee what to do with it. The debtor could not recover it from the trustee, nor could an attaching creditor. The right of action was in the creditors to whom it was assigned. *Frost* v. *Gage*, 1 Allen, 262.

The case, *Lewis* v. *Latner*, 72 Maine, 487, does not conflict with our decision here. In that case the only question submitted was, whether the trustee was chargeable at all, whether the process was maintainable. It does not appear what was held by the attachment.

The trustee in this case has not excepted. The plaintiff only excepts, and his claim to have the trustee charged for anything additional, cannot be sustained.

*Exceptions overruled.*

PETERS, C. J., WALTON, VIRGIN, FOSTER and HASKELL, JJ., concurred.