SAMUEL P. TRAIN & another *vs.* CHARLES B. KENDALL
& another, & trustee.

Suffolk.　March 6. — June 28, 1884.　DEVENS & COLBURN, JJ., absent.

An assignment of property, executed in another State, by a debtor domiciled there,
for the benefit of his creditors, which provides that certain creditors shall be
paid in full before the others are paid anything, and which is assented to by
creditors holding claims exceeding in amount the value of the property as-
signed, if valid by the law of that State, will be upheld in this Commonwealth,
as against an attaching creditor of the assignor domiciled here.

TRUSTEE PROCESS.· The Franklin Paper Company, a cor-
poration established by law in this Commonwealth, summoned as
trustee of the principal defendants, answered that, on November
16, 1882, it made a promissory note for $1000, payable in this
Commonwealth, four months after date, to the order of the de-
fendants; and that payment of the note was claimed by Frank
L. Hall, assignee of the defendants. The writ was served on
the trustee after the note became payable.

Hall appeared as claimant, and alleged, that, before this ac-
tion was begun, an indenture was executed, on November 25,
1882, between the defendants and Hall, by which the defend-
ants assigned to Hall all their real and personal property, in
trust to pay, first, a debt of the defendants to one Hadden, of
$4500, second, a debt to one Billings of $50,000, and third, their
other debts ratably; that the defendants also indorsed said note
before maturity to Hall upon the same trusts; that, at the time
of these transactions, the note was in the State of New York,
where the transactions took place and the parties were domi-
ciled; that, by the law of New York, these acts transferred the
title in the note to the claimant, upon the trusts declared in
the indenture; that, before the note became payable, said Had-
den, Billings, and other creditors of the defendants, assented to
the assignment; and that each of the debts to Hadden and
Billings,· and the amount of the debts to the other creditors,
greatly exceeded the value of all the property comprised in the
assignment, including said note.

At the trial in the Superior Court, before *Mason*, J., the de-
fendants were defaulted. The plaintiffs asked the judge to rule

that the facts stated by the claimant were insufficient in law to enable him to maintain his claim; and to dismiss the claim. The judge so ruled, dismissed the claim, and charged the trustee; and the claimant alleged exceptions.

*J. L. Thorndike,* for the claimant.

*S. D. Warren, Jr.,* for the plaintiffs.

FIELD, J. The claimant excepts to the ruling, that the facts stated by him are insufficient in law to enable him to maintain his claim. The law of the State of New York is a fact; and the claim states that, by this law, the assignment is valid. If we assume, as the plaintiffs contend, that, as the Franklin Paper Company is a Massachusetts corporation, the validity of the assignment of a debt due from it to an inhabitant of New York, as against his Massachusetts creditor, must be determined by the law of Massachusetts, the objection is taken that this assignment is invalid by the law of Massachusetts, because it provides that two creditors of Kendall Brothers shall be paid in full before their other creditors are paid anything. Such preferences are valid by the common law of Massachusetts, and by our statutes are only voidable by an assignee in insolvency. Pub. Sts. *c.* 157, § 96. If Kendall Brothers were domiciled in Massachusetts, this assignment, having been assented to by creditors who hold claims exceeding in amount the value of the property assigned, would be good as against an attaching creditor, and there is nothing in the policy of our laws that invalidates the assignment because Kendall Brothers are domiciled in New York, if the assignment is also valid by the laws of that State. Kendall Brothers cannot, under our statutes, be adjudged insolvent debtors, and it therefore becomes impossible to avoid this assignment by proceedings instituted by an assignee in insolvency; but, in the absence of any statute making this assignment void or voidable by Massachusetts creditors, the common law prevails in actions at law, for it is the common law which the plaintiff invokes, and not any process, if there be any, for the equitable distribution of the assets of Kendall Brothers found in Massachusetts. In so deciding, we do not give effect to a foreign law prejudicial to our own citizens; we give effect to an assignment which is good against the plaintiff in this action by our own law. The Legislature has not undertaken to enact

that, in cases in which the assignor is not subject to our insolvency law, an assignment of property found here, if it creates preferences, may be avoided by any Massachusetts creditor by attachment, and the common law sanctions preferences. *Mechanics' & Traders' National Bank* v. *Eagle Sugar Refinery,* 109 Mass. 38. *May* v. *Wannemacher,* 111 Mass. 202.

*Exceptions sustained.*