FREDERICK JONES & another *vs.* CHARLES H. TILTON & trustees.

Suffolk.    March 4. — June 18, 1885.    W. ALLEN, COLBURN, & HOLMES, JJ., absent.

A. made an assignment of his property, in trust for the benefit of his creditors, to B., which did not require the written assent of the creditors, and which provided that, if A. should be adjudged insolvent, B. should convey the property to the assignee in insolvency. C., a creditor of A., brought an action against him, in which B. was summoned as trustee; and afterwards C. assented verbally to the assignment, and presented his claim, which was allowed by B. at a sum agreed upon between them. Subsequently A. filed a petition in insolvency, and was adjudged an insolvent. *Held,* that, the assignment being valid, and assented to by C., B. was entitled to be discharged as trustee.

TRUSTEE PROCESS. Edward L. Pickard was summoned, with others, as trustee of the principal defendant. His answers alleged the following facts: On November 5, 1883, the defendant, being unable to pay his debts in full, executed an indenture, by which he assigned to Pickard, one of his creditors, all his real and personal property, in trust, first, to convey to an assignee in insolvency, if the defendant should be adjudged insolvent, all the property in this Commonwealth to which such assignee would have been entitled if the assignment to Pickard had not been made: second, to convert said property into money, and apply the proceeds first to the payment of the defendant's debts preferred under the Pub. Sts. *c.* 157, and then to pay the balance

equally and ratably, without preference or priority, upon all debts of the defendant existing at the date of the assignment, and to pay any balance remaining after payment of such debts to the defendant. On November 10, 1883, a meeting of creditors of the defendant, which had been called by Pickard, was held, and such creditors, representing a large majority of the defendant's indebtedness, assented verbally to the assignment, and chose a committee to be consulted by Pickard in the discharge of his duties under the assignment. On December 18, 1883, Pickard, acting upon the advice of this committee, sold all the property which he held under the assignment in this Commonwealth for $50,000. On December 20, 1883, the plaintiffs brought this action against the defendant, and summoned Pickard and others as trustees, and, at the same time, filed a petition in insolvency against the defendant, upon the ground that the assignment to Pickard was fraudulent, and was made for the purpose of preferring certain creditors. When the plaintiffs' writ was served upon Pickard, he called upon them and explained to them the nature of the assignment, the reasons why it was made, and what had been done under it. The plaintiffs said the assignment was entirely satisfactory to them, but that they desired the amount due to them from the defendant to be settled and agreed upon before they assented to the assignment or discontinued their action and petition. On December 26, 1883, Pickard, the defendant, and the plaintiffs arrived at an adjustment of the plaintiffs' claim against the defendant, which was stated in the form of an account, and Pickard and the defendant certified in writing to the correctness of the account. The plaintiffs did not assent in writing to the assignment, but they kept the original account certified to, and stated to Pickard that they were entirely satisfied with and assented to the assignment, and would discontinue all their legal proceedings. Subsequently the plaintiffs discontinued their petition in insolvency, but declined to carry out their agreement to discontinue this action. Afterwards the defendant, at Pickard's request, filed a petition in insolvency, and on April 21, 1884, he was adjudged an insolvent.

The Superior Court discharged the trustee, and ordered judgment for the defendant solely on the ground of his discharge in insolvency ; and the plaintiffs appealed to this court.

*W. A. Herrick*, for the plaintiffs.

*J. H. Benton, Jr.*, for .Pickard.

C. ALLEN, J.   The answers of Pickard, which under the statute must be taken as true, show a verbal assent by the plaintiffs to the assignment, and a presentation of their claim, and an allowance of it by Pickard at the sum agreed on between them. No written assent was called for by the assignment.   An oral assent, therefore, was sufficient.   *May* v. *Wannemacher*, 111 Mass. 202.   *Pierce* v. *O'Brien*, 129 Mass. 314.   Such assent, if given before the commencement of an action, would debar the plaintiffs from making an attachment, and, being given afterwards, must defeat the attachment.   The fact that the plaintiffs did not assent to the debtor's discharge is immaterial.   No such assent was called for.   The provision that the assignee should convey the property to an assignee in insolvency, in case the debtor should be adjudged insolvent, did not render the assignment invalid, or incapable of enforcement, in case the debtor should not be adjudged insolvent.   The assignment being valid, and the plaintiffs having assented to it, the trustee was properly discharged.                              *Judgment affirmed.*