JOSEPH SAWYER & others *vs.* ABRAHAM LEVY & another, & trustee.

Hampden.    September 26, 1894. — October 18, 1894.

Present: ALLEN, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Insolvent Debtor — Assignment to Creditor — Preference.*

A preference given by an insolvent debtor to a *bona fide* creditor cannot be avoided by an attaching creditor, whether the form of preference which is adopted is a general assignment for the benefit of such creditors as shall assent thereto, or an assignment for the benefit of certain specified creditors, or an assignment directly to a single creditor.

TRUSTEE PROCESS.    Writ dated April 22, 1893.    T. L. Haynes, summoned as trustee, answered that at the time of the service of the writ upon him he had certain funds in his hands due the defendants; and that prior to the service of the writ he had received notice that the funds had been assigned to one Aaron Slater, who demanded payment thereof. Slater appeared as claimant of the funds in the hands of the trustee, under the assignment.

At the trial in the Superior Court, before *Mason*, C. J., without a jury, Slater testified that, at the time of making the assignment, the defendants were indebted to him in a large sum; and that the accounts transferred to him by the assignment, including that due from the trustee, being insufficient to secure him for said indebtedness, the defendants, who were doing business in the city of New York, confessed judgment to him for the difference between the amount of their indebtedness and the amount due on the accounts so transferred.

The judgment having been confessed on the same day that

the assignment was made, no general assignment for the benefit of creditors was made by the defendants.

The plaintiffs requested the judge to rule that the assignment was invalid against the attachment made by the plaintiffs upon their writ.

The judge declined to rule as requested; found for the adverse claimant; ordered that the trustee be discharged with costs to both the trustee and the claimant; and found specially that the assignment by the defendants to the claimant was in consideration of a *bona fide* existing debt to the full amount thereof, and, at the time of the assignment, the defendants were in an insolvent condition, and the claimant had knowledge of such condition. The plaintiffs alleged exceptions.

*F. H. Gillett & W. W. McClench*, for the plaintiffs.

*T. M. Brown*, for Aaron Slater.

ALLEN, J. The assignment by the defendants to Slater was no doubt a preference, which might be avoided by assignees in insolvency if the defendants were subject to our insolvent laws. Pub. Sts. c. 157, § 96. But no proceedings in insolvency could be taken against them by reason of their non-residence. A preference given by an insolvent debtor to a *bona fide* creditor cannot be avoided by an attaching creditor, whether the form of preference which is adopted is a general assignment for the benefit of such creditors as should assent thereto, or an assignment for the benefit of certain specified creditors, or an assignment directly to a single creditor. Otherwise, it would simply amount to giving a preference to the attaching creditor, instead of to the creditor or creditors selected by the debtor. This has often been adjudged. *National Mechanics & Traders' Bank* v. *Eagle Sugar Refinery*, 109 Mass. 38. *Banfield* v. *Whipple*, 14 Allen, 13. *Train* v. *Kendall*, 137 Mass. 366. *First National Bank of Easton* v. *Smith*, 133 Mass. 26.

*Exceptions overruled.*