PERCY A. SINCLAIR *vs.* NAPOLI CAFETERIA, INC. & trustee.

Suffolk.    January 16, 1923. — March 1, 1923.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Trustee Process. Assignment,* For benefit of creditors. *Trust,* What constitutes.

At the hearing of a motion to charge one summoned as trustee in a writ in trustee process, it appeared that the assets of the principal defendant had been sold and the proceeds of the sale, $1,946, had been paid to the alleged trustee, without fraud, under an agreement by him that he would hold and distribute the same *pro rata* among such creditors of the defendant as should "desire to accept said *pro rata* payment in full settlement of their respective accounts, with the agree-

ment, however, that not any more than the *pro rata* payment should be made to any creditor;" that in response to a letter from him to the creditors of the principal defendant and before service upon the alleged trustee of the writ in trustee process, thirty-seven creditors, whose claims amounted in the aggregate to $9,122, had accepted the terms of the assignment. *Held,* that

(1) The fund was held in trust by the alleged trustee subject to the terms of his agreement;

(2) The alleged trustee held the fund in behalf of the assenting creditors upon a legal consideration and, there being no fraud, he was bound to distribute according to the agreement;

(3) The claims of the assenting creditors being in excess of the fund held by the alleged trustee, there was nothing in his hands or possession with which he could be charged as trustee for the defendant;

(4) The alleged trustee should be discharged.

CONTRACT. Writ in trustee process in the Municipal Court of the City of Boston dated March 30, 1921.

Daniel F. Cunningham was the alleged trustee. Material facts elicited in answer to interrogatories propounded by the plaintiff to the alleged trustee are described in the opinion. A motion by the plaintiff that the alleged trustee be charged was allowed, and the ruling reported to the Appellate Division, who ordered an entry made, "Order charging trustee vacated." The plaintiff appealed.

*W. P. Jackson,* for the plaintiff.

*J. A. Waters,* for the alleged trustee, submitted a brief.

CROSBY, J.   Before November 4, 1920, the assets of the principal defendant were sold, and the proceeds thereof, amounting to $1,946.58, were paid over to the alleged trustee who agreed to hold and distribute the same *pro rata* among such creditors of the defendant as should "desire to accept said *pro rata* payment in full settlement of their respective accounts, with the agreement, however, that not any more than the *pro rata* payment should be made to any creditor."

On November 4, 1920, the alleged trustee by letter addressed to each of the creditors of the defendant stated that he represented the largest creditor; that he had been consulted by the defendant's treasurer; that its assets had been sold, and that after paying certain claims there remained the above named sum which was deposited with him for the purpose of distributing it *pro rata* among the several creditors; that the amount of the defendant's debts was approximately $9,000 and that a final dividend of

twenty per cent or thereabouts would be declared. He also requested that a statement of amount due from the addressee be forwarded together with an assent to the offer. In response to this letter and before service of the writ was made upon the alleged trustee, thirty-seven creditors, whose claims aggregated $9,122.26, communicated to him their acceptance of the proposed payment in full settlement of their respective accounts.

The foregoing facts appear in the answers of the alleged trustee made in response to interrogatories propounded to him. These answers disclose that the trustee holds the fund in trust for the purpose of distribution in accordance with the terms of the agreement; and that, as to the creditors who have assented to the agreement, he holds it in their behalf upon a legal consideration, and is bound, unless fraudulent, which does not appear, to distribute it *pro rata* in settlement of their respective claims. *Andrews* v. *Ludlow*, 5 Pick. 28. *National Mechanics' & Traders' Bank of Portsmouth* v. *Eagle Sugar Refinery*, 109 Mass. 38. *Frazee* v. *Nelson*, 179 Mass. 456, 460. In the case last cited it was held that a conveyance of property by an insolvent debtor in trust for assenting creditors cannot be avoided, except for fraud at the suit of a creditor who does not assent. *Train* v. *Kendall*, 137 Mass. 366. *Sawyer* v. *Levy*, 162 Mass. 190. Creditors, the amount of whose claims largely exceeds the fund in the hands of the alleged trustee, have agreed to accept the *pro rata* payment in settlement of their respective claims, thereby signifying their adoption of the transfer of the fund to the trustee for their benefit. The trustee by such acceptance became obligated to carry out the terms of the agreement. *May* v. *Wannemacher*, 111 Mass. 202. *Pierce* v. *O'Brien*, 129 Mass. 314. The law governing assignments similar to that in the case at bar made by an insolvent debtor for the benefit of creditors has long been settled. In *May* v. *Wannemacher, supra,* it was said that "it has always been held that voluntary assignments by a debtor, in trust for the payment of debts, and without other adequate consideration, are invalid as against attachment, except so far as assented to by the creditors for whose benefit they were made. If assented to by creditors, such assignments are good at common law, and will protect the property or fund from attachment to the extent of the amount due to creditors thus assenting; unless,

by the conditions of the assignment, it is made to take effect only upon the assent of all, or a prescribed number of creditors." As creditors whose claims amount to a sum in excess of the fund deposited with the trustee had assented to the trust and become bound by its terms, there is nothing in his hands which can be reached by the trustee process.

In all the cases cited by the plaintiff no creditors had become parties to the assignment, or assented to it, or released their claims in consideration of it; accordingly those cases are not applicable to the facts in the case at bar. *Wyles* v. *Beals*, 1 Gray, 233, and *Edwards* v. *Mitchell*, 1 Gray, 239, cited by the plaintiff, are not pertinent to the present case. See Gen. Sts. c. 118. *National Mechanics' & Traders' Bank of Portsmouth* v. *Eagle Sugar Refinery, supra.*

> *Order affirmed to effect that earlier*
> *order charging trustee be vacated.*