Bolster, C. J.
This is an action of scire facias against a trustee who on October 31, 1934 received from one Mintz, the principal defendant in the original action, an assignment for the benefit of creditors. The original process of attachment was served on November 2., Before that service, creditors to the amount of $370.37 had assented in writing to the assignment, as required by its terms. Other creditors, whose claims aggregated $752.31, had orally agreed to *139 assent in writing-, which assents were received after the service. The property was after the service converted into cash by sale, and $959.44 realized. The plaintiff does not complain of the court’s action in crediting the trustee with said amount of $370.37 and $252.35 for expenses of the trust incurred before the service. The question in the case is whether the judge was right in refusing to credit the trustee with the amount of the claims of those who had orally agreed to the assignment. We think he was wrong.
The basic reason for not charging a trustee as to so much of the goods in his hands as may be needed to satisfy in whole or part the claims of assenting creditors is that to that extent he is no longer trustee for his assignor, but with the consent of the assignor and the assenting creditors he has become trustee for the latter. There is no rule of positive law which requires such assent to be manifested in any particular or formal way. Trusts are being proved daily in the courts by oral testimony, unless the Statute of Frauds forbids. This plaintiff can and does take the ground that as to him the assignment is a nullity. At the same time, he is attempting to avail himself of a clause in the assignment which requires written assent. A departure from that requirement may give rights to those who have been or have become parties to it. It is their rights only that are regulated by the assignment and they may change or release them. But this' plaintiff is a stranger who is attempting to set up a jus tertii. If in fact, whatever the mode, this assignee has become the trustee, not of the assignor, but of the creditors, then he has not in his possession goods or credits of the .assignor, unless a surplus be shown. .
So much of the matter as res integra. Many of the early, decisions are collected and discussed in 8 Harvard Law Review, 265. The case of Brewer v. Pitkin, 11 Pick 298 was *140 that of a deed poll, with delivery of the goods, to which no creditor other than the assignee himself had assented before the attachment. It was held an incomplete trust, so far as other creditors were concerned, resembling in that regard the savings bank eases cf. Restatement, Trusts, Mass. Annot. Sec. 58 and as to the assignee himself, it was held that, since the subject matter of the trust was chattels and not credits, the assignee acquired no lien for his own debt. Yet in Boyden v. Moore, 11 Pick. 362 the same court upheld an oral trust for .creditors, resting only on a bill of sale, so far as assented to by creditors. And it is implied in Russell v. Woodward, 10 Pick. 408, a case in which the assignment did not designate the form of assent by creditors, that if creditors accepted the assignment made for their benefit, the assignee was to that extent not chargeable as trustee. In the case at bar, in which the trustee’s answers must be taken as true, and can neither be enlarged nor minimized by any such “findings” as the judge assumed to make, it is shown by the supplementary answers that before service a number of creditors had orally assented to the assignment, at a meeting attended by such creditors, the creditors who assented in writing before the service, the assignor and the assignee. If all parties agreed to that form of oral assent to the trust, thereby waiving the requirement of written assent, they had power to do so. If, after giving oral assent, any such creditor had attached the property as that of the assignor, he would in our opinion have failed. Neither could the assignor, who apparently agreed to the modification, have successfully claimed that the trustee owed him, and not the creditors who orally assented, their proportionate share of the assets. It may be conceeded as stated -in a dictum in May v. Wannemacher, 111 Mass. 202, that if a tripartite agreement is contemplated, it must be executed by creditors as parties of the *141 third part. That decides nothing as to the power of all interested parties to agree to a later oral modification. It may be that this will open a door to fraud, but that is true whenever, as for example in building contracts, a written contract is supplanted by an oral one.
Of course, the trustee is or is not to be held according to the situation at the time of service. What happened afterward is of no present moment in this ease. The only ground on which the plaintiff is entitled to attach is that, as to him, the assignment is void. The assignee cannot diminish that right by going on with the trust. So that, while the judge was wrong in refusing the seventh request he was right in refusing the sixth request.
We do not understand the plaintiff to claim that there will be any balance left if the claims of the creditors orally assenting are allowed.
Judgment for defendant.