Robbins, J.
On April 14, 1939, the defendant, B. B. Noyes Company executed a general assignment for the benefit of its creditors in the usual form. The assignee was William. A. Davenport. At the time of the assignment, which was duly filed with the Town Clerk of Greenfield and recorded in the Begistry of Deeds for Franklin County, the defendant was indebted to the plaintiff for wages, part of which were for the period within four months of the date of the assignment, and part for an earlier period.
On the day of the assignment, said assignee gave to the plaintiff a check for $19.20, and on the next day, April 15th, the assignee gave to the plaintiff a check for $57.60. These two checks represented all the wages due the plaintiff for the period within four months prior to the assign *418 ment, and, according to the terms thereof,, such wages constituted a claim entitled to priority.
On April 17th, the plaintiff brought this trustee process to recover his wages earned more than four months previous to the assignment. The declaration showed the amount of these wages to Be $1048. The writ was served upon said William A. Davenport as trustee on April 18th. After the entry of the case the principal defendant was defaulted for failure to appear and answer, But said Davenport summoned as trustee, answered “No funds.” Thereafter the plaintiff filed forty-seven interrogatories directed to said Davenport, copies of which are attached to the report.
As a result of hearings on motions filed Both By the plaintiff and the alleged trustee, the trial court on May 17, 1939 made an order excusing said Davenport from answering all but interrogatories numbered 1, 2, 8 as amended, 9, 10 and 42. On this order the plaintiff claimed a report.
Davenport subsequently filed answers to all interrogatories he was ordered to answer except number 42. From these answers it appeared that he estimated the value of the property transferred to him by the assignment to be $2986.98, and that at the time of the service of the writ upon him creditors with claims totaling $1905.29 had assented in writing to the assignment. Therefore, the amount of property in his hands as assignee above the amount due creditors assenting in writing was $1081.69.
Thereafter the plaintiff filed a motion that the alleged trustee be required to answer interrogatories numbered eleven to forty-seven inclusive. As the alleged trustee had previously been, excused from answering all of these interrogatories except number 42, the motion presented no new question except that based on the alleged trustee’s failure to answer that interrogatory. However, at the *419 hearing on this motion the trial court on June 21, 1939 denied the motion, and the plaintiff claimed a report.
The statute authorizing these interrogatories is found in G. L. Chap. 246, See. 12. Under this section a plaintiff may put to an alleged trustee interrogatories calculated to elicit facts which will tend to charge him. Nutter vs. Framingham & Lowell R. R. Co., 131 Mass. 231. As was said in Crossman vs. Crossman, 21 Pick. 21, at 25 “A trustee, summoned according to the provisions of our statutes upon the subject, stands, in most respects, in the character of a witness, and also in the relation to the plaintiff of his own witness. He may put interrogatories calculated to elicit facts that may tend to charge him; but has no right to ask questions for the purpose of discrediting his disclosures. He is bound to take his statements under oath as truth, and can neither impeach his character nor contradict his testimony.”
It is our opinion that practically all the interrogatories from the answering of which the alleged trustee was excused tended to impeach his character or contradict his testimony, and were therefore improper. However, there is a further ground for disallowing the interrogatories, and that is that from the answers already made to other interrogatories by said Davenport it appeared that he had in his hands at the time the writ was served upon him, property in excess of the claims of creditors who had assented in writing to an amount more than enough to satisfy the plaintiff’s claim. “Where the debts of the assenting creditors amount to less than the trust fund, the assignment is held good pro tanto, and the residue of the assigned property is liable to attachment.” Everett vs. Walcott, et al., 15 Pick. 94. This made any further answers unnecessary, and the plaintiff was in no way prejudiced by the rulings of the trial court on his interrogatories made May 17, 1939 and June 21, 1939 respectively.
*420 On August 14, 1939, the court granted said Davenport’s motion that he be discharged, and from this action of the court, the plaintiff claimed a report which presents to us the question of the correctness of this discharge.
In the report the trial judge sets forth his reasons for discharging the trustee as follows: “1. For the reason that the plaintiff in accepting his preferred claims for wages impliedly assented to the assignment for the benefit of creditors. 2. For the reason that the plaintiff as a creditor could not assent in part to the assignment for the benefit of creditors and even though the plaintiff intended to assent only as to his preferred claims such assent was an assent m ¡toto.”
Said Davenport in an amendment to his answer to interrogatories, included a copy of the assignment, which contains the following language:
“THIS AGREEMENT, made this tenth day of April, A. D. 1939, by and between the B, B. Noyes Company, a corporation duly established by law and having a usual place of business at Greenfield, in the County of Franklin, and Commonwealth of Massachusetts, party of the first part, and William A. Davenport, of Greenfield, in the County of Franklin, and said Commonwealth, party of the second part, and the creditors of said party of the first part who shall assent in writing to the terms of this agreement as hereinafter provided, parties of the third part:” and “No creditor shall be deemed a party to this agreement or entitled to the benefit of its provisions who fails to assent in writing to the terms of the same within forty days from its date; but such assent may be expressed either by signing these presents or by signing and delivering to the party of the second part any other writing expressing an assent to the terms of this instrument.”
As was said in May vs. Wannemacher, 111 Mass. 202 and 207: “It has always been held that voluntary assignments by a debtor,, in trust for the payment of debts,, and with *421 out other adequate consideration, are invalid as against attachment, except so far as assented to by the creditors for whose benefit they were made. If assented to by creditors, such assignments are good at common law, and will protect the property or fund from attachment to the extent of the amount due to creditors thus assenting.”
“No rule of law requires that the assent of a creditor be written, and in the absence of such a provision in the terms of an assignment does not affect its validity.” Walton & Co. Inc. vs. Levenson, 1937 A. S. 1449, 1451. There are many decisions which would allow the charging of the trustee in the case at bar if the terms of the assignment did not require assents to be in writing. Walton & Co. vs. Levenson, ubi supra, May vs. Wannemacher, ubi supra, where the court said at Page 207: “In cases of assignments by a tripartite instrument, it is generally necessary that creditors should execute the instrument in order to give it full effect, because such is the intent with which it is made. But when this is not required by the form of the instrument of assignment, it is only necessary that creditors should give such assent to its provisions as will recognize and affirm the acceptance and possession of the property by the assignee, as made and held for their benefit and in their behalf, in accordance with the terms of the assignment. Russell vs. Woodward, 10 Pick. 408. Everett vs. Walcott, 15 Pick. 94.” See also Jones vs. Tilton, 139 Mass. 418, 420, where the following language appears: “No written assent was called for by the assignment. An oral assent, therefore, was sufficient.” Nutter vs. King, 152 Mass. 355; Pierce vs. O’Brien, 129 Mass. 314; Sinclair vs. Nepoli Cafeteria Inc., 244 Mass. 221. All the cases cited in the trustee’s brief are cases where the terms of the assignment did not require written assents.
In the case at bar the terms of the assignment provide that to become parties to the assignment creditors shall *422 assent in writing and that no creditor failing to assent in writing can be a party to it, and further the assignment directs that such assent may be expressed by signing the original assignment or any other writing expressing an assent to the terms thereof. The acceptance and endorsing of a check does not meet the requirements of the assignment. As was said by Chief Justice Shaw in Brewer vs. Pitkin, 11 Pickering 298 at 300: “Here the trust was specially limited to those who should express their assent in writing. Not having thus expressed their assent, they cannot claim as creditors.”
The fact that the assignee saw fit to pay to the plaintiff a claim entitled to priority without the plaintiff having assented in writing does not alter the fact that the plaintiff could not have forced such payment. Likewise, on the other hand, the assignee cannot make the plaintiff a party to the assignment without his written assent. To uphold the ruling of the trial court in this matter would have that effect, and is directly contrary to the terms of the assignment. We are of the opinion that the discharge of said Davenport as trustee constituted prejudicial error and that he should be charged for the amount claimed in the declaration.