HERBERT B. DAVIS *vs.* BEST BUILT HOMES, INC., & another.

Middlesex.    November 5, 1952. — January 6, 1953.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Fraudulent Conveyance.*

It could properly be found that there was not a fraudulent conveyance under G. L. (Ter. Ed.) c. 109A where a builder of houses assigned the proceeds of sales of certain houses and their lots to a bank as additional security for the antecedent debt arising from advances made by the bank as holder of construction mortgages on the property.

BILL IN EQUITY, filed in the Superior Court on December 15, 1950.

The suit was heard by *Morton,* J.

*John P. Mulvihill & James W. Luby,* (*James E. Luby* with them,) for the plaintiff.

*James S. Ballantyne,* for the defendant Institution for Savings in Roxbury.

LUMMUS, J.    The plaintiff, a building contractor, on October 26, 1949, entered into a written contract with the defendant Best Built Homes, Inc., to install heating systems in houses which that defendant was building in Framingham.  The plaintiff alleges that he is owed on that contract $1,964, which that defendant refuses to pay. The plaintiff further alleges that the defendant Best Built Homes, Inc., has ordered the other defendant, Institution for Savings in Roxbury, to pay the plaintiff out of funds of the first named defendant in its hands.  This is a bill in equity to reach and apply those funds in satisfaction of the plaintiff's claim, and to set aside as a fraudulent transfer an assignment of those funds to the defendant institution.    The assignment was given as additional security for an antecedent claim already secured by a real estate mortgage.  The bill was taken for confessed against the defendant Best Built Homes, Inc.

In the Superior Court the indebtedness of Best Built Homes, Inc., to the plaintiff was determined to be $1,964.13, and costs, and the bill was dismissed as against the defendant institution. The plaintiff appealed.

The judge made findings substantially as follows. The defendant institution took a construction mortgage on each lot and advanced money as the work progressed. It became apparent that the balance of mortgage money on some lots would not suffice to complete the houses on those lots. Some of the houses and lots were sold and proceeds aggregating $1,244.67 were assigned to the institution to cover the deficit on other lots. "This amount has been attached by trustee process and otherwise in several suits brought against the Best Built Homes, Inc. The bank [institution] having been paid in full this amount they hold now by attachment is to be held by the bank [institution] and distributed by it according to law as the suits and other matters may develop."

By G. L. (Ter. Ed.) c. 214, § 3 (9), this court and the Superior Court are given jurisdiction in equity of "Suits to reach and apply in payment of a debt any property, right, title or interest, real or personal, of a debtor, liable to be attached or taken on execution in an action at law against him and fraudulently conveyed by him with intent to defeat, delay or defraud his creditors, or purchased, or directly or indirectly paid for, by him, the record or other title to which is retained in the vendor or is conveyed to a third person with intent to defeat, delay or defraud the creditors of the debtor." It is provided in G. L. (Ter. Ed.) c. 109A, § 4, that "Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration."

The assignment to the defendant institution was to protect it on the antecedent debt owed to it by the defendant Best Built Homes, Inc. The antecedent debt was "fair consideration" within G. L. (Ter. Ed.) c. 109A, § 4. Even

though the institution received by that assignment security not available to ordinary unsecured creditors, that assignment created only a preference, and not a fraudulent conveyance. *Sawyer* v. *Levy*, 162 Mass. 190. *Lyon* v. *Wallace*, 221 Mass. 351, 353. *Sinclair* v. *Napoli Cafeteria, Inc.* 244 Mass. 221, 223. *Cosmopolitan Trust Co.* v. *S. L. Agoos Tanning Co.* 245 Mass. 69, 73. *Samuels* v. *Charles E. Fogg Co.* 258 Mass. 402, 407. *Barishefsky* v. *Cohen*, 299 Mass. 360, 362. *Mason* v. *Wylde*, 308 Mass. 268, 283. It could be found in this case that there was fair consideration for the assignment, and that it was received in good faith to secure an antecedent debt not disproportionately small as compared with the value of the property assigned. G. L. (Ter. Ed.) c. 109A, § 3 (b).

Any balance remaining in the hands of the institution after the satisfaction of its claim can be reached by the plaintiff by trustee process. *Dunham Brothers Co.* v. *Gordon*, 289 Mass. 502, 504.

> *Decree affirmed with costs*
> *of the appeal.*